———o———

THOMAS W. HOWE, Plaintiff in Error, *vs.* W. P. WILLIAMS Defendant in Error.

*Deeds—Ambiguity.—Recital of county, etc.*—Where land is accurately described in a deed by section, township and range, and the deed is regularly ac knowledged by a Justice of the Peace of one of the counties of this State, it is not incompetent as evidence from the further fact that it does not recite the names of the county and state in which the lands are situated.

*Error to Dent Circuit Court.*

*Ewing and Smith*, for Plaintiff in Error, cited Hardy vs. Matthews, 38 Mo., 121 ; Bates & Wise vs. Bank of Missouri, 15 Mo., 309; Long vs. Wagoner, *et al.*, 49 Mo., 178 ; 1 Brightly's Digest, (U. S. Laws,) 650, § 27.

*C. C. Bland*, for Defendant in Error.

Cited.—Washb. on Real Property, 2d Ed., 661 ; Boardman vs. Reed, 6 Pet., 328 ; Mason vs. White, 11 Barb., 173 ; Campbell vs. Johnson, 44 Mo., 247; Ashley vs. Bird, 1 Mo., 640; Lane vs. Price, 5 Mo., 101; Singleton vs. Fore, 7 Mo. 515 ; Davis vs. Davis, 8 Mo., 56 ; Reed vs. Austin, 9 Mo., 723 ; Bates vs. Bank of Mo., 15 Mo., 309 ; Murdock vs. Ganahl, 47 Mo., 135 ; Richmond T. & M. Co. vs. Farquar, 8 Blackf.

89 ; Cook vs. Parkarson, 16 Louisiana, 129 ; Bennett vs. Hub-ard, Minor, 270 ; Doe. d Tyrell vs. Lyford, 4 M. & S., 550 ; Stead vs. Perrier, Sir T. Raym, 411; Bac. Max., Reg., 23 ; Broom's Max., 584; 1 Greenl, on Ev., 297; Wigr. Extr. Ev., 3d Ed., 120, 121 ; Beard vs. White, 1 Alabama, 436.)

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment brought in the Dent Cir cuit Court, by plaintiff against the defendant to recover cer tain lands.

The answer was a general denial, except as to the posses-sion.

For the purpose of showing title, the plaintiff read in evi-dence a Patent from the United States for the lands, and then offered a deed from one Poindexter and wife to him, conveying the said lands, but the deed did not recite the County in which the lands were situated, nor the land office in which they were subject to sale. The defendant objected to the reading of the deed in evidence because the description of the same was uncertain and indefinite, and did not show in what County the same were situated, what principal Meridian they were west of, nor in what Land office they were subject to entry and sale. The Court sustained the objection, and the plaintiff took a non-suit, and after an ineffectual motion to set the same aside, he has brought the case here by writ of error.

The land is accurately described in the deed by section, township and range, and the deed is regularly acknowledged before a Justice of the Peace of Dent County, but it is not stated in what County the same is situated. The uncertainty of description and ambiguity is supposed to exist from the fact, that under the United States system of surveys the des-cription would apply to lands in other states, as well as to the land in question. If the deed, from the circumstances sur-rounding it, substantially shows the land to be in this State, then the ambiguity at once disappears, for there is no other parcel of land in Missouri that answers to the description contained in the Deed. (Long vs. Wagoner, 47 Mo., 179.)

If the deed sufficiently identifies the land as being located in this State, then there can be no controversy, as there are no other lands answering the same description.

Washburn in speaking of the rules in regard to the construction of the descriptive parts in deeds, says, one of these is that the deed is to be construed with reference to the actual rightful state of the property at the time of its execution. And that in construing a deed, the Court places itself as nearly as possible in the situation of the contracting parties, and their interest will be ascertained in the same manner as in the case of any other contract. (3 Washburn Real Prop., 3d Ed., 333.)

Applying these rules it is hardly susceptible of doubt as to what the parties intended, the one to convey and the other to receive.

The land is found to exist in Dent County, the deed was executed in that County, and the acknowledgment taken before an officer who had authority to take acknowledgments only in that County.

Under such circumstances the intention was unmistakable and the conclusion inevitably follows, that the land in Dent County was the land actually sold and conveyed.

Did other lands exist in that County answering to the same description, the result might be widely different. Taking all the circumstances together, I think the deed should have been admitted in evidence.

A different ruling would defeat the ends of justice, and be clearly contrary to the intentions of the parties.

For which reasons the judgment should be reversed and the cause remanded.

All the other judges concurring.