SUTHERLAND V..HOLMES, *Appellant.*

1. **Public Roads:** PETITION FOR OPENING. A petition for the opening of a new road need not show in express terms that the road will be in the county where the proceedings are had. If it defines the location by reference to government surveys, to the names of persons and farms to be touched, and intersections with other known highways in the county, it will be sufficient.

2. ———: NOTICE OF PROCEEDINGS. The road law requires notice to be given of the presentation of a petition for the opening of a new road; but does not require copies of the petition to be posted. If, however, such copies are posted, the law will be complied with.

3. ———. It is not error for the circuit court, on appeal from an order of the county court establishing a new road, to permit one of the viewers to testify that no one was present when the view was taken, and that no witnesses were examined.

4. ———: OATH OF COMMISSIONERS. Even if the law as it stood in 1877 required the viewers to take an oath, it was not necessary that it should be taken in advance. If their report was made under oath it was sufficient.

5. ———: Any step required by the road law to be taken, not being a jurisdictional fact, will be presumed to have been taken, unless it affirmatively appears to have been omitted.

6. ———: APPEAL TO CIRCUIT COURT. Under the road law of 1877 a party dissatisfied with an order of the county court establishing a road might appeal from the whole order or only from the assessment of damages. If he limited his appeal to the latter, the circuit court had only to do with that and was not bound to inquire whether the requisite number of petitioners had signed, the requisite notice been given, etc.

*Appeal from Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*S. P. Sparks* and *W. W. Wood* for appellant.

*F. C. Farr* for respondents.

PHILIPS, C.—This is a proceeding instituted by the respondents, D. L. Sutherland and others in the county court of Johnson county, for opening a new road in said county.

The appellant, Rufus E. Holmes, through whose land the proposed road would run, filed objections claiming damages, as by statute in such cases provided. He had a hearing in the county court on the issues thus made. From the judgment of the county court he appealed to the circuit court, where his damages were re-assessed, and the order of the county court directing the road to be opened was affirmed. From this judgment Holmes brings the case to this court on appeal. The objector assigns various errors, assailing the proceedings of the lower court for alleged irregularities as well as for lack of jurisdiction. These objections will be considered in their order.

I. It is claimed that the petition for the road does not show that the proposed road is in Johnson county. We think sufficient appears, taking the whole petition together, to indicate that the road lay in Johnson county. The petition is addressed " to the county court of Johnson county, Missouri." The location and direction of the road are given, with the sections, townships and range, and the names of persons and farms touched by it, as also its intersection with other known public highways in the county. These were certain to a common intent, and such as would leave no reasonable mind in doubt as to the *situs*. *Long v. Wagoner*, 47 Mo. 178 ; *Howe v. Williams*, 51 Mo. 252 ; *Norfleet v. Russell*, 64 Mo. 176

II. It is objected that the preliminary notice of the intended application for this road was insufficient. It appears that copies of the petition itself were put up, whereas the statute, (§ 7, p. 395, Laws of 1877,) then applicable to the case, provided for notice "by printed or written handbills." The petition, a copy of which was put up, showed that it was addressed to the county court of said county at the "November term, 1878." Surely appellant ought not to complain that the petition itself was put up displaying to every one interested the exact line of the road, the names of all the petitioners and the lands touched. As the object of the notice was to afford to interested parties an oppor-

tunity to be present at court, and as this objector did attend the court on the notice, the statutory object in requiring notice was subserved, so far as the appellant is concerned.

III. Error is alleged on account of the imputed action of the circuit court, in permitting one of the commissioners sent out by the county court to view the line of road and assess damages, to testify as to the manner in which he arrived at this conclusion. It is enough to say that the bill of exceptions does not sustain this objection on the matter of fact. The witness, Caldwell, did not state the manner in which the commissioners arrived at their verdict. He merely stated that no one was present at their view, and they examined no witnesses.

IV. Complaint is also made that the trial court erred in permitting petitioners to read in evidence on the hearing in the circuit court the report of the commissioners in the county court. A sufficient answer to this is, that the bill of exception recites: "It is agreed that the transcript of the trial of this cause in the county court, and the original papers, shall be considered in evidence." No objection was then made nor was any exception thereto taken at the time.

V. It is suggested for error that the commissioners did not take the oath of duty prior to entering upon their office. The act of 1877, under which they were acting, did not prescribe any oath. But even if section 18 of the Road Law, (Wag. Stat.,) was not repealed, we are not prepared to say that the requirement of this oath involved any jurisdictional question. Be that as it may, the fact appears that the commissioners did make oath to the report before it was acted on, declaring that they had "honestly, faithfully and impartially discharged the duty devolving upon us by virtue of said appointment." This, we think, met the spirit of the law. Again, this report and certificate were read in evidence by agreement. No objection nor exception was taken or saved, nor is this alleged error even called to the attention of the court in the motion for a new trial.

26—78

VI.   It is next urged that it does not appear that the petitioners asking for this road were freeholders, nor that the commissioners were freeholders.   The first of these objections is not borne out by the facts.   The petition states the fact, and is expressly found by the county court, as shown by the record admitted in evidence by agreement. As to the second objection—touching the special jury sent out by the county court—it is presumable in such case that the court followed the statute.   It not being a jurisdictional fact, it was not necessary that it should appear affirmatively.   No such objection was made by the objector to the court at the time of the appointment.

Appellant contends, however, that as the trial in the circuit court is one *de novo*, the record and evidence ought also to show that the circuit court found the jurisdictional fact of the requisite petitioners, notice, etc.   It occurs to me that in this suggestion counsel misconceive the real subject matter of litigation in the circuit court, as presented to it by the appeal taken from the county court.   Section 5, act of 1877, provides that:   "Any person aggrieved by the action of the commissioner may file his objections in writing to such report, and thereupon the said court shall appoint three freeholders to act as a jury, who shall view the premises, etc., and assess the damages."   Section 37 provides that:   "In all cases of appeals being allowed from the judgment of the county court, assessing damages, or for opening any road, the circuit court shall be possessed of the cause, and shall proceed to hear and determine the same anew."   The appellant did file his objections.   To what did he object?   Simply and only on account of his damages.   He asked for the special commissioners to assess his damages.   Failing to obtain damages in the county court, he appealed to the circuit court.   Section 37 above named, manifestly contemplates that an appeal will lie from the assessment, or the order opening or vacating a road, separately.   The appellant by his written objections in the county court, indicated his grievances.   He appealed

on account of his failure in the lower court to obtain damages. That, then, was the cause he had in the circuit court, and that was the matter which the court was to " proceed to hear and determine anew." It is well enough for the circuit court to see that jurisdiction had attached in the lower court over the subject matter. This would be ascertained from the record sent up from the county court. For the purpose of the issue on trial tendered by the appeal in this case, that was sufficient.

There are other errors complained of, but they are trivial. There being no substantial error in the record, the judgment of the circuit court should be affirmed. All concur.