J. W. WARREN *et al.*, Respondents, v. CONSTANTIA GIBSON *et al.*, Appellants.

Kansas City Court of Appeals, April 14, 1890.

1. **Public Roads:** OBJECTIONS TO PROCEEDINGS: DESCRIPTION : TOWNSHIP CLERK: DE FACTO MEMBERS OF BOARD. The following objections to the proceedings to establish a new road are *held* invalid in this case, to-wit :

   (1) That the description was insufficient, where there could be no trouble in marking out the exact line therefrom.

Warren v. Gibson.

(2) That the county court refused to command the clerk of township board to have his record say that the petition was not publicly read, when the court found the fact otherwise.

(3) That a member of the joint council board was not regularly commissioned.

2. ——— : NOTICE. Notice when a petition for a new road will be presented to the township board need not be signed by any one.

3. ——— : OATH OF COMMISSIONERS. The statute controlling proceedings before township boards for opening new roads does not require commissioners to take and subscribe an oath before proceeding to assess damages, but only demands them to make their report under oath.

4. ——— : MORTGAGEE NOT A PARTY TO PROCEEDINGS. The mortgagor while in possession is to be regarded as the owner of the land for the purpose of condemning it for a public road, and a mortgagee does not come under the designation of "owners" of the land taken, and is not a necessary party to the proceedings.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*Oscar W. Byram,* for the appellants.

( 1 ) The petition is insufficient. It does not describe the land over which the road is to pass. R. S. 1889, secs. 8547, 8548, 8549. The petition does not state the road is a public necessity, and Jarvis–Conklin Mortgage Company is not made a party to the suit. They are mortgagees. ( 2 ) The petition shall be presented to the board of directors of each township interested: Said petition and notice to be as in other cases ( in like manner ). Every petition and notice to be the same as in one township, so all land-owners may have notice, and know that the same petition and notice will be presented to each township board interested on the same day. Three petitions were necessary. The notice ought to be signed by the petitioners. In this

case the petitioners did not sign the notice, signed by Whitsett & Jarrott, attorneys for petitioners. R. S. 1889, sec. 8554. (3) The joint township board, in their order to the surveyor, did not describe the land over which the road was to pass, nor even give the surveyor the names of the land-owners. R. S. 1889, sec. 8549; *Anderson v. Pemberton*, 89 Mo. 64; *Railroad v. Young*, 96 Mo. 43. The surveyor did not describe the land in his report. (4) The commissioners that assessed damages on the fourth day of August, 1888, were not sworn before they entered upon their duties. *Anderson v. Pemberton*, 89 Mo. 64. (5) Jarvis–Conklin Mortgage Company ought to have been made parties to the suit. Section 8547 provides " * * * and if, for a new road, the names of owners of land, if known, over which the road is to pass. * * *" The term owner in this statute includes every person having an interest in the real estate capable of being damnified by the laying out of the new road. *Sherwood v. City of LaFayette*, and the authorities therein cited, 10 N. E. Rep. 90 and 91; *Anderson v. Pemberton*, 89 Mo. 66. (6) The court erred in overruling the motion to require a rule and attachment upon Willis Taylor to amend his record. The reading was a jurisdictional one, could not be waived by township board or attorneys. To make an entry that the petition was publicly read, when it was not, did not give jurisdiction. (7) It is admitted that J. D. Cooley was not commissioned or appointed by the county court until the —— day of October, 1888. Also admitted that he was appointed by the township board, and had given bond on September 3, the date of the last meeting of the board. Section 8459, Revised Statutes, 1889, provided that any vacancy in the office of justice of the peace, or in the township board, shall be filled by appointment of the county court. A majority vote of the board decides all questions, and his voting might have changed the entire proceedings of the board.

*Whitsett & Jarrott*, for the respondents.

(1)  The petition is sufficient.  "A petition for the location of a public highway need not set out a description of each tract of land with the name of the owner." *Wells v. Rhodes*, 14 West. Rep. 289; 16 N. E. Rep. 830; *Adams v. Harrington*, 12 West. Rep. 299; *McD. v. Payne*, 14 West. Rep. 102.  "Where in the petition the description of the highway is such that it can be located readily and with certainty, it is sufficient. *Jackson v. Rankin*, 67 Wis. 285. (2)  The petitioners signed the petition.  Their attorneys signed the notices. "Notice need not be signed by any one." *Daugherty v. Brown*, 91 Mo. 26. (3)  The statute under which the township board appointed the commissioners does not require the commissioners to be sworn before they enter upon their duties. *Sutherland v. Holmes*, 78 Mo. 399; *Schuylkill Falls Road*, 2 Bin. 250; *Road from App's Farm*, 17 S. & R. 388; *Turnpike Co. v. Jarrett*, 4 Ind. 213; *Cage v. Trager*, 60 Miss. 563. (4)  Section 8547 does not require the petitioners to set forth in their petition the names of mortgagees.  It was unnecessary to name Jarvis–Conklin Mortgage Company in petition. "If damages are assessed to wrong party, the error can be amended after verdict and judgment." *State v. Rulow*, 13 Cent. 268.  "The word 'owner' does not include mortgagee." *Parish v. Gilmanton*, 11 N. H. 293.  "Mortgagees are not necessary parties." *Whiting v. N. Haven*, 45 Conn. 303; *Cool v. Commet*, 13 Me. 250; *Paine v. Woods*, 108 Mass. 160; *Welch v. Boston*, 126 Mass. 442; *Grand Rapids v. Railroad*, 58 N. Y. 641; *Hook v. Morten*, 10 Hun. 302; *Bridge Co v. Summers*, 13 W. Va. 476.  The various notices gave the Jarvis Company timely notice of the proceeding.  If this mortgage company is not satisfied, it can sue J. E. Brooks or Mrs. Chandler for the debt, or ask to have the damages subjected to the payment of its debt.

*Woods v. Westborough*, 140 Mass. 403 ; *Bank v. Roberts*, 44 N. Y. 192. ( 5 ) The three township boards, the county and circuit courts, have decided that the petition was publicly read. It is too late now for appellants to contradict a point so well established. ( 6 ) At the last meeting of the joint session, J. D. Cooley, who had been appointed to fill the unexpired term of W. D. Meyers, acted as one of the members. He had been appointed as trustee ; had qualified and given bond. Whether he was legally appointed, or not, he was certainly *de facto* officer of said township board. Even if he had no right to meet with said board, the record shows that every member of said board concurred in every order in relation to the establishment of said road.

GILL, J.—This is a proceeding to open and establish a new road in Cass county on the township lines between Pleasant Hill, Camp Branch and Peculiar townships. Cass county having adopted what is known as "township organization," the proceedings were begun before the township boards in said townships, were thence appealed to the county court of said county, and then by appeal to the circuit court, and from the circuit court to this court by appeal of objectors, Gibson and Chandler. The proceedings were instituted in March, 1888, at which time one Brooks owned a portion of the land sought to be used for the new road, but during the progress of the cause ( in May, 1888) Mrs. Chandler, one of the objectors, became possessed of Brook's interest, and she seems to have entered her appearance and continued the contest ( her husband joining ).

Petitioners were enabled to agree with all others whose lands were affected by the proposed road except these appellants. Commissioners were appointed by the "township boards" ( all acting together as the law provides), who in the first place assessed the respective

damages of Mrs. Gibson and Mrs. Chandler at fifty dollars each; and then again, on appeal, the county court appointed a commissioner who fixed the damages of objector Gibson at seventy dollars and objector Chandler at thirty dollars. From this award and judgment said objectors appealed to the circuit court, where the judgment of the county court was affirmed, and said objectors are now in this court by appeal.

I. It would serve no useful purpose to go over, in detail, the *very numerous* objections that industrious counsel have urged against the legality of this proceeding. A large number of the points raised are trivial, unworthy of serious consideration, whilst others can be disposed of in gross by a few general remarks. Among the latter we class the continuous and oft-repeated claim that the petition for the road, the order directing the survey, report of survey, etc., are all worthless, because the route of the road is not as definitely described as should be. We see no possible merit in this contention. It is quite apparent that with these descriptions there could be no trouble in marking out the exact line of the new road.

Again, as to the fault found with the county court, that it refused to command the clerk of the "township board" to have the record speak differently, in that the clerk should have the record say that the petition was *not publicly read*, as the law provides, we deem it only proper to say that the county court found the *fact* to be otherwise.

Again, too, as to whether or not J. D. Cooley was a regular commissioned member of the joint township board, does not concern this case, since it is clear he was so *acting*, and if not a member *de jure* he was *de facto*, and we cannot in this proceeding try the title to such office.

As suggested, that which most concerns the court in review of such proceedings as this is, did the tribunal trying the cause acquire jurisdiction? That

acquired, mere irregularities in the manner of trial, or in the particular forms of orders, etc., attending such trials, will not serve to set aside the judgments of these inferior tribunals, often presided over by persons unlearned in the law.

II.   As claimed by objector's counsel, the notice and petition are matters jurisdictional, and the " township board " had no jurisdiction to act in the matter until such a petition was presented and such notice given as the law directs.   It is claimed that this notice was not given, objection being that such notice was not signed by all the petitioners.   We do not understand the statute to require the notice to be signed by the petitioners. Section 8547, Revised Statutes, 1889, empowers the township board to lay out and establish a new road "when petitioned for by not less than twelve householders in said township and residing within three miles of the proposed road," etc.   Section 8548 provides a copy of this petition with a notice as to when the same will be heard to be posted in three public places in the township not less than twenty days before action thereon shall be taken.   And then section 8554 (relating to the establishing roads on township lines) directs petitions and notices *as in other cases*, except that such notices shall be posted in *each* of said townships ; and in such cases, too, the boards in all said townships are to meet and act as one body.   We do not regard the notice here provided for anywise different from that required in ordinary cases under the general road law ( section 6936, Revised Statutes, 1879 ), except here the notice must be accompanied by a copy of the petition.   And it has been decided that such notice ( as provided by said section 6936) need not be signed by any one.   *Daugherty v. Brown*, 91 Mo. 26.

III.   Further objection is made to the effect that commissioners appointed by the joint township board did not take and subscribe an oath for faithful performance of duty, *before* proceeding to assess damages.   In

answer to this, it is sufficient to say that the statute controlling such proceedings before the township board does not require such oath, but only demands such commissioners to make their report "under oath," (Revised Statutes, 1889, section 8549), and this was done as the record shows. *Sutherland v. Holmes,* 78 Mo. 401.

IV.   The only remaining question of importance involved in this appeal grows out of the following fact:   At the institution of this proceeding to establish a public road the Jarvis–Conklin Mortgage Company had a deed of trust on the land of one J. E. Brooks, a party to the proceedings, and it is now urged that said Jarvis–Conklin Company should have been made a party to the proceeding, as an owner whose property was affected.   Again referring to the statute, we find (section 8547) that the petition for such new road shall give only the names of the "*owners*" of land, over which the road is to pass;" and in section 8549 damages are to be assessed to the *owners,* etc.   No mention is made of incumbrancers or mortgagees.   The beneficiary in a deed of trust (such as was the Jarvis–Conklin Company, or even a mortgagee of real estate), is no longer considered the *owner* of such estate.   As said by an author of good standing, "as to all persons except the mortgagee and those claiming under him, it is everywhere the established modern doctrine that a mortgagor in possession is, at law, both before and after breach of the conditions, the legal owner."   1 Jones on Mortgage, sec. 11, *et seq.*   In *Parish v. Gilmanton,* 11 N. H. 294, it was held that "a mortgagee not in possession is not entitled to be regarded as the *owner* of the land mortgaged, so as to entitle him to notice of the laying out of a contemplated highway over the land mortgaged.   That the mortgagor, while in possession, is to be regarded as the owner of the land for such purposes."   See, also, Mills on Em. Dom., sec. 74;

*Whiting v. New Haven*, 45 Conn. 303 ; *Platt v. Bright*, 38 N. J. Eq. 81.

The substantial rights of the mortgagee are not disturbed ; and when the mortgaged land is converted into money the mortgagee may pursue the money in place of the land, and have it applied to the payment of his debt.   Such money becomes, at the election of the mortgagee, a substitute for the land taken, and the mortgagee has a specific lien upon the fund.   Jones on Mortg., sec. 708 ; *Platt v. Bright, supra.*

We are of opinion, then, that said Jarvis–Conklin Company, beneficiary in a deed of trust on said Brook's land, did not come under the designation of "*owners*" of the land taken, and was not a necessary party to the proceedings.   After a full consideration of this case we detect no error prejudicial to the rights of the objectors, and, therefore, affirm the judgment of the circuit court. All concur.