SHOPPERT v. MARTIN *et al.*, *Appellants.*

Division One, February 9, 1897.

Public Road: LAND APPROPRIATION: INJUNCTION: REMEDY AT LAW. Where a road overseer under Revised Statutes 1889, section 7820, appropriates land to drain a public road and the owner files exceptions in the county court and moves to dismiss the proceedings and the motion is overruled and plaintiff refuses to prosecute her exceptions, an injunction restraining the overseer from proceeding is erroneous as the landowner had an adequate remedy at law in the county court.

*Appeal from Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*Edmonston & Cullen* for appellants.

(1) The legislature alone can prescribe the form of procedure. *Musick v. Railroad,* 114 Mo. 309. (2) "The question whether the contemplated use be really public shall be a judicial question and as such judicially determined" is the language of the constitution. The pleading of the plaintiff in this case shows that the proposed ditch was for a public use or purpose, and all the evidence shows likewise. *State ex rel. v. Engelman,* 106 Mo. 628, and cases cited; *Kansas City v. Smart,* 128 Mo. 295. (3) The necessity, expediency and propriety of exercising the right of eminent domain are political in this nature, and can not be judicially controlled; hence the evidence admitted in this case on such theory was inadmissible and for this reason the case should be reversed. *Simpson v. Kansas City,* 111 Mo. 242, and cases cited. (4) Even if the condemnation proceedings were void (and it is not pretended that appellant did not keep within the legislative grant) then the insurmountable barrier to equitable proceedings exists, to wit: The legal remedy of ejectment. *Anderson v. St. Louis,* 47 Mo. 484; *Hammerslaugh v. St. Louis,* 57 Mo. 219; *Armstrong v. St. Louis,* 69 Mo. 309; *Gray v. Railroad,* 81 Mo. 130; *Wilcox v. Walker,* 94 Mo. 92. (5) There is no pretense either in the bill or the evidence that defendants are insolvent, or that they were' about to commit an injury that could not be adequately compensated in a single action at law for damages. *Taylor v. Todd,* 48 Mo. App. 550, and authorities cited; *Mining Co. v. Star Co.,* 50 Mo. App. 525. (6) Injunc-

tion can not be maintained against an authority taking land for a public use under a law which gives the land owner an adequate remedy as this statute does. Indeed the case cited below is on "all fours" with the case at bar, and settles that question beyond doubt. *Mining Co. v. Joplin*, 124 Mo. 137.

*E. C. Kennen* and *George Robertson* for respondent.

(1) The proceeding was begun in the county court under section 7820, Revised Statutes 1889, but there is nothing to show that the conditions of this section have been complied with. A condition precedent to appointing commissioners is that the road overseer and the owner of the land should have failed to agree upon the damage. *Railroad v. Campbell*, 62 Mo. 585. (2) The proof in the case shows that the purpose of the ditch was to drain defendant Martin's land and is therefore in violation of section 20, article 2 of the constitution of Missouri. Again, that it was a public use, was never judicially determined. (Same section of constitution). This fact must be determined by a court before the land can be taken. *Savannah v. Hancock*, 91 Mo. 54; *City of Kansas v. Baird*, 98 Mo. 215; *Railroad v. Shambaugh*, 106 Mo. 557. (3) The act of the county court, or rather of the road overseer, was void, as no notice of the proceedings was given to Mrs. Shoppert. *Dickey v. Fennison*, 27 Mo. 373. (4) It stands admitted in this case that Martin was about going upon plaintiff's premises to dig a ditch sixteen and one half feet wide clear across her farm. The proof shows that from the lay of the ground it would precipitate the water onto the east eighty acres and that the damage would be irreparable. Injunction is therefore the only and proper remedy. Sec. 5510, R. S. 1889; *Mining Co. v.*

*Star Co.*, 50 Mo. App. 422; *Charter Oak Co. v. Cummings*, 90 Mo. 267.

BRACE, J.—This is a proceeding by injunction to restrain the defendant Martin, a road overseer in Audrain county, from appropriating a strip of plaintiff's land for the purpose of a ditch to drain the water from a public road running alongside her premises. The county and road district are joined as parties defendant.

By section 7820, Revised Statutes 1889, it is provided that: "Every overseer * * * may enter upon the lands joining or near his road, and open such ditches as may be necessary * * * ," and, in case he and the owner can not agree upon the damages for opening such ditches, "such road overseer shall have power to appoint three disinterested freeholders to act as a jury, who shall be sworn and go upon the premises and assess the damages which may be caused by * * * opening such ditches, which shall not exceed a fair remuneration therefor, and the damages so assessed shall be paid into the county treasury for the use of such owner; and a written statement of the * * * damages sustained shall be filed by the overseer with the clerk of the county court. The road overseer shall deliver to the owner or agent, if it can well be done, a written statement of * * * the damage awarded, and the amount of money paid into the county treasury therefor * * *. If the owner be aggrieved at the assessment, he may, at the next term of the county court, file his objections thereto, and the case shall be heard anew by the county court or jury, as in other cases of demands against the county * * *."

Before proceeding to open the ditch in question the defendant caused the damages to the plaintiff to be

assessed as provided in this statute, the parties having failed to agree.

The damage so assessed ($30) was paid into the county treasury for her use, and the appraisement filed in the office of the county clerk.

Thereupon at the June term, 1893, of the county court of Audrain county, the plaintiff appeared and filed her objection to the award as follows, to wit: "Now comes the said Sarah J. Shoppert and files her objection to the award of damages allowed to her by the jury summoned by S. P. Martin whose report was filed on May 29, 1893, and she now asks this court to hear the case anew and assess the damages for making said drain according to law." And afterward at the August term, 1893, she filed her motion "to dismiss all of the proceedings herein and declare them void for the reason that no court of competent jurisdiction had adjudged and declared that said lands should be taken for the purposes of a ditch, or any other public use, and the same have never been condemned by any proceedings under the law of eminent domain."

Thereafter on the ninth day of August, 1893, the matter coming on for hearing before said court on the exceptions of the plaintiff to the award, her motion to dismiss the proceedings and declare them void was overruled. Thereupon she declined to prosecute her exceptions further.

The court dismissed the proceedings thereon, rendered judgment against her for costs, and she instituted this proceeding by injunction in the circuit court.

A temporary injunction was granted, which upon the final hearing was made perpetual, and the defendant appealed.

The grounds for injunctive relief were thus stated in the petition:

"That the said overseer has entered upon her lands and located a place for a ditch thereon running from the south side thereof to the north side thereof; thence west to the west side of her said lands. That said place so located is sixteen and one half feet in width, that the purpose of said· proposed ditch is to drain the public road running along the south side of her lands; that the use of which said rod of land so sought to be taken from her is an alleged public use and it is alleged and claimed by said defendants that said lands should be forever in the future used for the purpose of draining said public road; but said defendants nor no court has decided or judicially determined that it is necessary to take and use said lands for any public purpose; nor has any court in accordance with section 20 of the bill of rights of the constitution of the state of Missouri ever decided and held that the purpose for which said land is about to be taken is a public use. And the said S. P. Martin and the other defendants by their agents and servants are about to enter upon the lands of said plaintiff and there construct a ditch one rod in width for a sufficient depth of running a drain across the said lands as above described; and is threatening to enter upon said lands in violation of the rights of this said plaintiff and to construct and maintain said ditch forever in the future. That the real purpose of this proposed ditch is to drain the lands of defendant Martin who owns a farm just across the road and south of the plaintiff's land."

The defendant road overseer "for answer to the petition" set forth his proceedings under section 7820, showing strict compliance with its terms, the proceedings in the county court aforesaid, and "says that by reason of the premises aforesaid and by virtue of section 7820, Revised Statutes, Missouri, he, as such road overseer, had and has a right to enter upon said

premises and to construct and maintain said ditch. And that the matters at issue in this suit have been fully adjudicated and determined by a court of competent jurisdiction and that the plaintiff is estopped from enjoining this defendant; that she had a full remedy at law and refused to prosecute the same and is not entitled to any relief in equity and defendant having fully answered, asks to be discharged with his costs and damages."

Over the objections of the defendant the plaintiff was permitted to introduce evidence on the trial tending to prove that the proposed ditch, while draining the public road, would also have the effect of draining the land of the road overseer, and there was evidence pro and con as to the necessity of the same to the public road.

1. There seems to be no question that the use for which it was proposed to subject the land of the defendant was on the face of it a public use. Her land could not without her consent be subjected to that use, however, without just compensation paid to her or into court for her use, after the same had been ascertained by a jury or board of commissioners of not less than three freeholders. Const., art. 2, sec. 21. And in any proceeding for the purpose of subjecting her land to such use she had the right to a judicial inquiry as to whether the servitude to which it was proposed to subject her land was in fact for the benefit of the public road or for that of a private individual. Const., art. 2, sec. 21; *Co. Ct. of St. Louis Co. v. Griswold*, 58 Mo. 175; *Dickey v. Tennison*, 27 Mo. 373.

In order that such inquiry may be had and compensation made in case of lands proposed to be taken or damaged for public roads in this state, the several county courts are by law designated as the judicial

tribunals to have jurisdiction of this subject-matter. R. S. 1889, chap. 140, art. 1.

By section 7820, *supra*, of that act, the course of proceeding in case private property is to be taken or damaged as in this case, is prescribed.

That proceeding was properly initiated by the road overseer before the commissioners, taken thence before the county court by the defendant by her exceptions, and when the court appointed by the law to make inquiry whether her property ought to be subjected to the proposed use, and how much compensation should be awarded her in that event, was ready, willing, and on the move to make such inquiry, she stops it by declining to prosecute the inquiry further, for the singular reason that the thing had not already been done which the court at her instance was about to do in the manner provided by law. And now she comes and asks a court of equity to interpose in her behalf because the court did not do what she declined to have it do.

We know of no equitable principle which would warrant such an interference. All the rights guaranteed to her by the constitution and the laws could have been just as well protected in the proceeding in the county court which she declined to pursue, as they could in a court of equity or any other court. She could have had her damages assessed by a jury, and she could in that proceeding have raised the question as to whether her property was to be taken for a public use (*State ex rel. v. Engelmann*, 106 Mo. 628; *St. Joe. Terminal R. R. Co. v. Railroad*, 94 Mo. 535; *Savannah v. Hancock*, 91 Mo. 54) with the assurance that under the law, "if at any stage of the proceeding it appeared that the proposed use was not a public one" the appropriation of her property would be denied. The law in this case affording a full and adequate remedy for

the protection of the plaintiff's rights, her refusal to avail herself of that protection can not call into exercise the extraordinary powers of a court of equity by way of injunction. *C. & A. R. R. Co. v. Maddox*, 92 Mo. 469.

The bill should have been dismissed. The decree will therefore he reversed and the cause remanded with directions to the circuit court to dismiss the bill, and cause the damages to be assessed on the injunction bond. All concur.