J. G. RIPKEY, Appellant, v. H. P. BINNS et al.

Division Two, March 30, 1915.

1. **PROCEEDING TO ESTABLISH ROAD: Petition: Resident Owners of Land: Description of Holdings: Jurisdiction.** While in the matter accompanying a petition to establish a public road, under Sec. 9414, R. S. 1899, it would no doubt be good practice, after having stated the names of the resident persons owning land through which the proposed road is to run, to describe the particular tract owned by each, yet the failure to include such description does not deprive the court of jurisdiction to entertain the proceeding.

2. ———: ———: ———: **Trustee and Beneficiary in Deed of Trust: Jurisdiction.** The trustee and beneficiary in a deed of trust, as such, are not owners within the meaning of Sec. 9414, R. S. 1899, and the failure to list them as among the resident owners of property through which the proposed road is to run does not affect the court's jurisdiction.

3. ————: **Record of County Court: Commissioners to Assess Damages: No Showing They are Not of Kin to Landowners, or that they were Sworn: Jurisdiction.** The facts that the record of the county court in a proceeding to establish a road failed to state that the commissioners to assess damages were not of kin to any of the parties asking damages, and that their report failed to show they were sworn before viewing the premises, do not deprive the circuit court of jurisdiction on an appeal from an award of damages in the county court.

4. ————: **Jurisdiction: Appeal to Circuit Court.** In a proceeding to establish a road the county court acquires jurisdiction when the petition in due form is filed and the required statutory notice given; irregularities in the proceedings in the county court after jurisdiction is once acquired will not deprive the circuit court of its jurisdiction on appeal.

5. ————: **Assessing Damages: Special Benefits.** Where the appellant and three others, a part of whose land a proposed road will take, will by its establishment be given their only outlet to a public road, the other landowners affected having connection already with a public road, such outlet is a special benefit to the appellant's land and can be set off against his damages, despite the fact that the three others mentioned will also be given an outlet.

6. ————: **Attacking Jurisdiction: Questions Requiring Extrinsic Evidence.** While as a general rule questions of jurisdiction over the cause of action may be raised at any stage of a proceeding, yet the better practice demands that such defects as require the hearing of testimony should be raised before the trial is ended, so that the testimony may properly become a part of the bill of exceptions, and so that any error with reference thereto may be called to the trial court's attention in the motion for a new trial.

7. ————: ————: ————: **This Case.** Where a landowner through whose property a proposed road will run has testified at the trial to assess damages that he is the owner of the land, he will not be permitted, after judgment, to file a motion attacking the court's jurisdiction on the ground that another person, whose name did not accompany the petition for the road, was the resident owner of an undivided half of the land which he had testified he owned.

Appeal from St. Clair Circuit Court.—*Hon. C. A. Denton,* Judge.

AFFIRMED.

*John B. Mumma, C. T. Reddington* and *Waldo P. Johnson* for appellant.

(1)  The utmost strictness is required to give proceedings of eminent domain validity.  Every essential requirement of the statute must be complied with or such proceeding will be void.  Anderson v. Pemberton, 89 Mo. 61; Spurlock v. Doran, 182 Mo. 242; Drainage District v. Campbell, 154 Mo. 151; Taylor v. Todd, 48 Mo. App. 550; Cunningham v. Railroad, 61 Mo. 33; Rousey v. Wood, 57 Mo. App. 650.  (2)  Proceedings to open a public road must be taken in their entirety, and if they are void as to one of the parties in interest, they are void as to all.  Anderson v. Pemberton, 89 Mo. 61; St. Louis v. Gleason, 15 Mo. App. 25.  (3)  On appeal to circuit court, trial should be *de novo,* including the question of the utility and public necessity of the proposed road and all questions in issue.  R. S. 1899, secs. 9419, 1788, 4062, 4072; Mayes v. Palmer, 206 Mo. 293; Bennett v. Hall, 184 Mo. 407; In re Big Hollow Road, 111 Mo. 326; 5 Words and Phrases, 4493; Stutz v. Cameron, 254 Mo. 340.  (4)  The appointment of the commissioners to assess damages must show that they are disinterested freeholders of no kin to any of the parties.  Jones v. Zink, 65 Mo. App. 409; R. S. 1899, sec. 9417.  (5)  The petition and the report of the road commissioners must be accompanied by the names of all resident landowners or the court acquires no jurisdiction.  R. S. 1899, sec. 9414; Spurlock v. Doran, 182 Mo. 242; Bennett v. Hall, 184 Mo. 407.  (6)  Trustee and beneficiary in a deed of trust should be made parties.  The word "owner" in statutes of eminent domain is used in a comprehensive sense and includes all persons having any interest in the land.  15 Cyc. 844; Railroad v. Baker, 102 Mo. 553; McShane v. Moberly, 79 Mo. 41; Mantz v. St. Paul, 52 Minn. 409; Gerrard v. Railroad, 14 Neb. 370; McCotter v. New Shoreham, 21 R. I. 43.  (7)  Jurisdictional questions can be raised

at any time and the court should hear the motion to dismiss filed after judgment. Railroad v. Campbell, 62 Mo. 585. (8) Only benefits peculiar to the land of objector can be offset and the same benefit (that of obtaining a public road) shared by several persons is not a peculiar benefit and cannot be offset against damages. Newby v. Platt County, 25 Mo. 258; Daugherty v. Brown, 91 Mo. 32; Bridge Co. v. Stone, 194 Mo. 188; Hickman v. City, 120 Mo. 123; Bennett v. Hall, 184 Mo. 421; Lingo v. Buford, 112 Mo. 157.

*Hargus & Johnson* for respondents.

(1) A valid petition and notice confer jurisdiction on the county court in road cases. These were present in this case. R. S. 1899, sec. 9414; Sec. 10435, R. S. 1909; Halter v. Leonard, 223 Mo. 291; Seafield v. Bohne, 169 Mo. 547; Wilhite v. Wolf, 179 Mo. 479. (2) The trustee and beneficiary in a deed of trust on land and the grantor in a written contract for the sale of land are not "owners" in the sense as to make them necessary parties in a proceeding to establish a road. Warren v. Gibson, 40 Mo. App. 476; Schumacher v. Toberman, 56 Cal. 508; Railroad v. Sheldon, 53 Kan. 169; Railroad v. Bank, 52 Kan. 467; Rand v. Railroad, 50 Kan. 114; Gurnsey v. Edwards, 26 N. H. 224; Parish v. Gilmanton, 11 N. H. 293. (3) The petition and report of the road commissioners were accompanied by the names of all resident landowners. See authorities cited under proposition 2. (4) (a) The qualifications of the commissioners appointed need not appear of record but the court will be presumed to have followed the law. Sutherland v. Holmes, 78 Mo. 402; School District v. Yates, 161 Mo. App. 116. (b) Appellant having filed exceptions to the report of the commissioners in this case, the question as to the qualifications of the commissioners is out of the case. Bennett v. Hall, 184 Mo. 421; Stutz v. Cameron, 254 Mo. 358. (5) The

appeal in this case was from the question of damages
only. Sutherland v. Holmes, 78 Mo. 402; R. S. 1899,
sec. 9419, now Sec. 10440, R. S. 1909. (6) A benefit
may be special and peculiar to a tract of land of which
a part is taken, although it accrues to a number of
tracts in the vicinity, where all the tracts occupy a
peculiar situation with reference to the improvements,
by reason of which the benefit attaches. Rives v. Co-
lumbia, 80 Mo. App. 178; Railroad v. Fowler, 142 Mo.
670; Railroad v. McElroy, 161 Mo. 587; 15 Cyc. 771;
Elliott's Roads and Streets (2 Ed.), p. 260, sec. 248.

WILLIAMS, C.—This proceeding was begun, by
petition filed in the circuit court of St. Clair county,
to establish a public road. The petition was filed
August 3, 1908, and was signed by about 60 freeholders
of the municipal township in which the proposed road
was to be located. Three of the petitioners resided
in the immediate neighborhood of the proposed road.

The petition was accompanied by a list purport-
ing to contain the names of all resident persons own-
ing land through which said proposed road would run,
together with a statement of those damaged and those
who were willing to give land for the right of way.
J. G. Ripkey, appellant herein, was not one of the
petitioners, but his name was in the list of resident
landowners owning land through which the proposed
road was to run. The name of Thomas M. Johnson
was also listed as one of the resident landowners own-
ing land through which the proposed road would run.

Due and proper notice was given, as required by
law, and, upon hearing, the county court ordered the
county road commissioner to view, survey and mark
out said land. Said commissioner made report to the
county court and the court appointed a board of com-
missioners to assess the damages to the property own-
ers who refused to relinquish the right of way. Said

board of commissioners made report finding that J. G. Ripkey would not be damaged by the establishment of said road. Thereafter, and in due time, said Ripkey filed written exceptions to the report of the board of commissioners and a jury was appointed to assess his damages. Upon a hearing before the jury in the county court the jury found that he was not damaged by the proposed road. Thereafter, and in due time, said Ripkey took an appeal to the circuit court of St. Clair county.

Trial was had in the circuit court, before a jury, the jury finding that said Ripkey suffered no damage by reason of the establishment of the road. Upon the trial in the circuit court, said Ripkey filed a motion asking the circuit court to dismiss the petition for want of jurisdiction. The substantial allegations of the motion were (1) that the original petition was not accompanied by the names of all the resident persons owning land through which the proposed road would run, in that Thomas M. Johnson, the owner of a portion of the land through which the proposed road would run, was not named as the owner of that specific tract; and that one William C. Lucas, trustee, and the St. Clair Investment Company, a corporation, beneficiary, were the owners of an interest in a portion of the land sought to be taken, but were not named as such in the list filed with the original petition; (2) the record of the county court appointing commissioners to assess damages failed to show that the three disinterested petitioners were not of kin to any of the parties asking damages on account of the location of said road and that the report of said commissioners failed to show that they were sworn, prior to viewing the premises and passing upon the assessment of damages.

The evidence tends to show that the name of Thomas M. Johnson did accompany the original petition filed but he was not named as the owner of a cer-

tain tract of land, which it is claimed he then owned.
The evidence further showed that William C. Lucas
was the trustee and the St. Clair Investment Com-
pany the beneficiary in a certain deed of trust executed
by said J. G. Ripkey and wife, prior to the institu-
tion of these proceedings, said deed of trust having
been given on a portion of the land sought to be taken
for the right of way and given to secure a note of said
Ripkey.  Said Ripkey, the mortgagor, was in posses-
sion of the premises and his name accompanied the
petition.  The evidence further showed that said Lucas
and the St. Clair Investment Company had no further
interest in said land except such interest as they might
have under said deed of trust.  The evidence further
showed that said Lucas and the St. Clair Investment
Company were not named as resident landowners in
the list of such names accompanying the original peti-
tion.

The evidence on the question of benefits and
damages is disclosed by the following stipulation which
is copied into the abstract in lieu of a full transcript:

"It is stipulated and agreed by and between appel-
lant and respondents that there is evidence sufficient
to support the verdict of the jury that the benefits ac-
cruing to Ripkey, appellant, from the establishment
of the road will amount to more than the damages sus-
tained, if such benefits should be offset against dam-
ages (appellant contending that such benefits are not
peculiar and should not be offset).  It is agreed that
appellant J. G. Ripkey and H. P. Binns, Z. T. Croy and
J. H. Curnutte, three of petitioners, are without a pub-
lic road to their farms; that the proposed public road
will cross the farm of Ripkey, cutting it in two, and
will take approximately two acres of his land; that it
will run along the side of Croy's land and take approxi-
mately one-half acre of his land; that it will touch the
corner of Binn's land and take approximately 225

square feet of his land; and that it will cross the farm of Curnutte and take approximately one acre of his land. That the benefits of the road will be the same to each of these four, i. e., an outlet on a public road.

"As to the question of damages the issue between appellant and respondents is whether the benefits above described, accruing to Ripkey, should be offset against damages caused by opening of the road, respondents contending that such benefits should be offset and appellant contending that they should not.

"It is further agreed that all of the remaining petitioners, save and except H. P. Binns, Z. T. Croy and J. H. Curnutte, are on a public road and that the opening of the proposed road is not absolutely necessary to put them on a public road but the opening of this road is necessary to put H. P. Binns, Z. T. Croy and J. H. Curnutte and remonstrator J. G. Ripkey on a public road.

"It is agreed that this stipulation may be printed and considered by the court in lieu of an abstract of the testimony and evidence concerning the damages and benefits of the road."

Said Ripkey duly perfected an appeal to this court. Statement of such other facts as may be necessary to an understanding of the legal questions involved will be made in the course of the opinion.

I. The court did not err in overruling appellant's motion to dismiss the petition for want of jurisdiction.

Proceeding to Establish Road: Description of Holding of Resident Owners: Jurisdiction.

The petition presented to the county court was "accompanied by the names of the resident persons owning land through which said proposed road" was to run, as required by section 9414, Revised Statutes 1899 (now section 10435, Revised Statutes 1909). The name of Thomas M. Johnson was in the list of names. It is true that the statement accompanying the petition did not state that

said Johnson was the owner of a *certain tract* through which the proposed road was to run. But a reading of the above statute will disclose that it is the *names* of the owners, not the description of their respective holdings affected, that is required. It is no doubt a matter of convenience and good practice to describe the land owned by each person named, but this is not made a jurisdictional requirement by the statute. Respondents' brief contains other well taken points against the above contention of appellant, but, since the foregoing sufficiently answers the contention, further discussion is deemed unnecessary.

The trustee and beneficiary in a deed of trust, as such, are not owners within the meaning of said statute, and the failure to list them

**Trustee and Beneficiary in Deed of Trust.** among the resident property owners did not affect the court's jurisdiction. [Warren v. Gibson, 40 Mo. App. 469, l. c. 476. See also Benton Land Co. v. Zeitler, 182 Mo. 251, l. c. 267-272; and Sibbett v. Steele, 240 Mo. 85, l. c. 93-4.]

Neither did the failure of the county court record to state that the three commissioners were not of kin to any of the parties asking damages,

**Record of County Court: Commissioners to Assess Damages.** nor the failure of the commissioners' report to show that the commissioners were sworn prior to viewing the premises, etc., supply sufficient ground for the motion to dismiss.

The county court acquired jurisdiction when the petition, in due form, accompanied by the names of the

**Appeal to Circuit Court.** resident landowners, was filed and the required statutory notice given. Irregularities, if any, occurring in the proceedings in the county court after jurisdiction is once acquired will not deprive the circuit court of its juris-

diction on appeal.  [Stutz v. Cameron, 254 Mo. 340, l. c. 358-9; Bennett v. Hall, 184 Mo. 407, l. c. 415-421.]

II.  It is contended that there was no evidence of special or peculiar benefits which should be offset against damages sustained by the objector and that, therefore, the court erred in submitting that theory to the jury.  Appellant admits that there was sufficient evidence of benefits to sustain the verdict of the jury on the question of damages, if such benefits are to be considered as special or peculiar benefits and therefore proper items of offset against the damages sustained.

*Special Benefits.*

From the evidence it appears that the establishment of this proposed road would supply appellant's farm with its only public road; that three other landowners, petitioners, would receive a like benefit; that all the remaining lands affected already connected with a public road and would not receive the same special or peculiar benefit accruing to appellant and the other three named landowners.  We have reached the conclusion that, under the present facts, the above benefit was a special or peculiar one, as distinguished from a general benefit.  In the case of So. Ill. & Mo. Bridge Co. v. Stone, 194 Mo. 175, l. c. 188, in discussing the rule as to special or peculiar benefits, BURGESS, J., said: "The benefits peculiar to that portion of the property which is not taken and which are not common to the public at large, may be set off against the damages assessed for the appropriating of the property."

In the case of Rives v. City of Columbia, 80 Mo. App. 173, l. c. 179, the rule as to special benefits, therein applied to a very analogous situation, is tersely and correctly stated by ELLISON, J., as follows:

"A special benefit does not necessarily mean such benefit as is enjoyed by one piece of property.  Many pieces, belonging to different owners, may be simi-

larly situated with reference to an improvement and yet fall far short of being all the property in the vicinity. Whenever a benefit is common to all in a vicinity, it is special to none; and it does not follow that a benefit may not be special to several without being common to all. The fact that all the property taken or injured in any given improvement receives a certain benefit does not make it a general benefit unless it is received by other property generally in that vicinity."

III. After the court had rendered final judgment in the case, but before the affidavit for an appeal was filed, appellant asked leave to renew his motion to dismiss the proceedings on the ground that the court was without jurisdiction, in that one Francis M. Ripkey was a resident owner of an undivided one-half interest in a tract of land through which the proposed road was to run and that his name did not accompany the original petition. The request was refused and an exception saved. In said motion it was claimed that said Francis M. Ripkey owned an undivided one-half interest in certain land, being the identical land for the taking of which J. G. Ripkey, appellant, is seeking to recover damages in this proceeding. Upon the trial in the circuit court, appellant testified that he was the owner of this land.

**Attacking Jurisdiction: Questions Requiring Extrinsic Evidence.**

As a general rule, questions of jurisdiction over the cause of action may be raised at any stage of the proceedings. But should this rule apply to defects of jurisdiction which do not appear upon the face of the record but which require extrinsic evidence to develop the absence of jurisdiction? We are of the opinion that it is undoubtedly the better practice that questions of jurisdiction requiring the hearing of testimony should be raised before the trial is ended, so that it may properly become a part of the bill of exceptions, and that

error, if any, occurring with reference thereto, may be properly called to the trial court's attention in the motion for a new trial. Without undertaking to fix a hard and fast rule in all cases, we have no hesitancy in saying that in the present case, appellant, after testifying under oath upon the trial to a state of facts which, if true, would show proper jurisdiction, should not be permitted, after the trial had ended, to file a motion raising a jurisdictional question bottomed upon alleged facts contradicted by his own testimony given under solemn oath upon the trial. The judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. All the judges concur.