# C. W. DILLARD, Respondent, v. R. R. SANDERSON, L. T. PATTERSON, and H. M. ROYALTY, as JUDGES OF THE COUNTY COURT OF PIKE COUNTY, MISSOURI, C. H. HARRIS AND JESSE WILLIAMS, Appellants.

St. Louis Court of Appeals.   Opinion Filed February 8, 1921.

1. **ROADS AND HIGHWAYS: Proceeding to Establish Road: Petition: Notice: Failure to Find Landowner's Damages Before Survey and Marking Road: Irregularity: Not Jurisdictional Fact.** In a proceeding to establish a public road, where the record shows that a proper petition containing all the legal requirements prescribed by law was filed in the county court, and that due legal notice was given as the law directs; the failure of the record of the county court to recite a finding of the probable amount of damages accruing to an owner of land before making the order requiring the county highway engineer to survey and mark out the road was not a jurisdictional fact under sections 10437, 10438, Revised Statutes of 1909, which must affirmatively appear in the record of the county court; the failure of the record to recite such a finding was a mere irregularity which the landowner could have had corrected on appeal, and did not render the judgment of the county court void because of such defect in the proceedings.

2. ———: ———: **Damages: Failure of County Court to Fix Damages: Amount Ascertained by Jury: Effect.** The failure of the county court to fix the probable amount of damages accruing to a landowner before making the order requiring the county highway engineer to survey and mark out the road, did not.deprive him of his constitutional right to have his damages ascertained by a board of commissioners or a jury; and where the county court, in accordance with section 10438, Revised Statutes of 1909, appointed a commission of freeholders to assess the landowner's damages, which they did, and at the landowner's request, a jury tried anew the question of damages and assessed the damages, which sum was paid before the order establishing the road was made, *held*, complaint of irregularities in the proceeding was without merit.

3. **INJUNCTIONS: Roads and Highways: Irregularities in Proceeding Before County Court: Adequate Remedy by Appeal: Court of**

**Equity Will Not Grant Relief.** In a proceeding to establish a public road by the county court over the premises of a landowner, if the landowner felt himself aggrieved by the omission in the record of the county court fixing the probable amount of damages accruing to him before making the order requiring the county highway engineer to survey and mark out the road, he should have prosecuted his appeal in the circuit court where he had an adequate remedy at law to correct the alleged errors of the county court, under sections 10440 and 3956, Revised Statutes of 1909, and where he voluntarily abandoned that remedy by dismissing his appeal from the judgment of the county court, he is in no position to ask relief from a court of equity and was not entitled to an injunction.

Appeal from the Circuit Court of Pike County.—*Hon. Edgar B. Woolfolk*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. O. Barrow* and *Hostetter & Haley* for appellant. *Pearson & Pearson* for respondent.

BRUERE, C.—On June 8, 1917, this cause was transferred by this court to the Supreme Court of Missouri on the ground that title to real estate is involved. The Supreme Court of Missouri, in a decision by the court in Banc, held that in this suit "Title to real estate was only incidentally involved, and was not involved in the sense which lodged jurisdiction in said court," and re-transferred this cause to this court, 222 S. W. 766, (not yet officially reported.)

This is a suit by injunction brought by C. W. Dillard, Respondent, against R. R. Sanderson, L. T. Patterson and H. M. Royalty, as Judges of the county court of Pike County, Missouri, C. H. Harris, county highway engineer, and Jesse Williams, district road overseer, of said county.

The suit seeks to enjoin the defendants from entering upon plaintiff's land and opening a public road which the county court of Pike County, Missouri, had established and ordered opened through plaintiff's premises.

The answer of the defendants is a general denial, an admission that the defendants were the officers as charged in the petition, and a plea alleging, that a public road was duly and legally established by the county court of Pike County, Missouri, over plaintiff's premises, that the plaintiff appeared in the county court at all stages of the proceedings to establish such road and that the plaintiff perfected an appeal from the judgment establishing said road, returnable to the circuit court of Pike County, Missouri, and that plaintiff thereafter voluntarily dismissed his appeal.

There is no controversy about the facts in this case. The facts are substantially as follows: The respondent is the owner of the Sw. quarter of the Se. quarter of section 31, Township 53, Range 4 West, in Spencer Township, Pike County, Missouri. In May, 1913, a petition was presented to the county court of Pike County, Missouri, praying for the establishment of a county road across the respondent's land. Said petition is in due legal form, it complies strictly with the provisions of the road law found in chapter 102, article 1, Revised Statutes of Missouri, 1909. Due notice of the application was given as provided by section 5 of said road law.

No attack is directed against the petition or against the notice. The respondent duly presented a remonstrance in the county court of Pike County to the application for the establishment of said road.

The remonstrance was duly heard. The finding of the county court was against the remonstrators. The county court among other things found: That the petition presented was signed by the requisite number of freeholders of the proper municipal township, that it contained all the jurisdictional facts, and that it was due legal form, that the averments therein contained were true, that due legal notice had been given according to law and the court further found that the facts in the cause justified the said location and establishment of said public road, but not at the expense of the county. The county court also made an order requiring the

county highway engineer to view, survey and mark out such road and make report to the court at the next regular term thereof. The county highway engineer duly made his report. His report stated that he had a personal interview with the respondent regarding the right-of-way for the road and that respondent had failed, declined and refused to relinquish the right of way, and that the respondent claimed damages therefor in the amount of $500. The county court then appointed by order of record three disinterested freeholders of the county of Pike to act as a board of commissioners to view the premises, hear complaints, and assess the damages to respondent for the taking of his land. The commissioners duly filed their report. The commissioners assessed the damages sustained by the respondent, because of the taking of his land for said road, at the sum of $50. The petitioners, thereupon deposited with the County Treasurer of Pike County the sum of $50 for the use of the respondent, on account of the damages assessed by the said commissioners to the said respondent, on account of the opening and establishment of said proposed public road. The respondent filed his written exceptions to the report of said commissioners, and prayed the court for a trial of the issue of damages by a jury. The county court granted respondent's prayer. A jury of freeholders was sworn, a trial was had, respondent appeared at said trial. The jury assessed respondent's damages at the sum of $50. Thereupon, the said county court entered up a judgment, establishing the road as prayed for through respondent's land and ordered the road opened. Respondent filed and perfected his appeal to the Circuit Court of Pike County, Missouri. At the April Term, 1914, the respondent *voluntarily asked the circuit court of Pike County to dismiss his appeal from the judgment of the county court.* The circuit court on said motion thereupon dismissed said appeal.

The county court of Pike County, Missouri, thereupon entered up its final judgment establishing the road

through respondent's land and ordered the road opened. Respondents, thereafter, brought this action in the circuit court of Pike County, Missouri. Said circuit court found the issues in favor of the respondent and entered a judgment perpetually enjoining the appellants from entering upon, or establishing, or opening a public road across respondent's said land. Appellants appealed to this court.

Respondent contends that the said judgment of the county court of Pike County, Missouri, is void, because the record of the proceedings, establishing the public road, fails to show that:

(1) "Before the order requiring the county highway engineer to view, survey and mark out the road" (a) "There was no finding, or fixing, the probable amount of damages to the owners of the land through which said proposed road should run." (b) "There is no record that the petititioners paid into the county treasury the probable amount of damages fixed by the court."

(2) "After said order requiring the county highway engineer to view, survey and mark out said road, and report to the county court on the same." "There is no record that it appeared to the court from said report, that the damages claimed does not exceed the amount offered by the court or deposited by the petitioners before the court ordered the road established or changed."

(3) "Because there is no record that it appeared to the court, that any person or persons, through whose land such proposed road should run, and particularly this respondent, was not willing to take the amount of damages offered him by the court or petitioners."

Section 10437, Revised Statutes 1909, among other things provides: "provided, that if the petitioners pay into the county treasury the probable amount of damages, as aforesaid, to the use of the owners of said lands, *which shall be fixed at the time by the court,* then said court shall make said order requiring the county

highway engineer to view, survey and mark out said road." Said section further provides: "And if it appears from said report (the engineers report) that the damages claimed does not exceed the amount *offered by the court or deposited by the petitioners,* as aforesaid, the court shall order the road established."

Section 10438, Revised Statutes 1909, among other things provides: "But if it appears that any person, or persons, through whose lands such proposed road should run have failed to relinquish the right of way and are not willing to take the amount of damages *offered them by the court or petitioners* the county court shall appoint, by order of record, three disinterested freeholders to view the premises and assess damages, etc."

It is true that the record of the said county court of Pike County, does not show that the county court, before making the order requiring the county highway engineer to view and mark out said road, fixed the probable amount of damages to the owners of the land through which the proposed road ran.

The decisive question in this case is whether a finding by the county court as to the probable amount of damages accruing to respondent, before making the order requiring the county highway engineer to survey and mark out the road, is a *jurisdictional fact,* which must affirmatively appear in the record of the county court; or whether the failure of the record of the county court to recite a finding by the county court of the probable amount of damages accruing to respondent is a *mere irregularity* which respondent could have had corrected, had he prosecuted his appeal from the judgment of the county court establishing the county road. In other words is the judgment of the county court establishing the public road *void* because of the above mentioned defect in the said proceedings? The *recent* decisions of our supreme court hold that this defect is a *mere irregularity* which does not divest the county court of its jurisdiction, obtained by the presentation of a proper petition and the giving of due notice of the intended application for the establishment of the road. [Ripkey v. Binns,

264 Mo. 505, 175 S. W. 206; Summers v. Cordell, 187 S. W. 5, (not officialy reported); Cannady v. Beaumont 213 S. W. 827 (not yet offically reported), and Reeves v. Green, 222 S. W. 795 (not yet officialy reported).]

The failure of the county court to fix the probable amount of damages to respondent did not deprive the county court of authority over the proceedings, so as to render void the judgment of the county court establishing the road. The record in this case shows that a proper petition containing all the legal requirements, prescribed by law, was filed in the county court, and that due legal notice was given as the law directs; the county court thus acquired *complete* jurisdiction and irregularities thereafter occurring, in the proceedings, could not divest the county court of its jurisdiction and did not render void all orders or judgments therein.

The failure of the county court to fix the probable amount of damages, as aforsaid, did not deprive the respondent of his constitutional right to have his damages ascertained by a board of commissioners or a jury. Respondent refused to give the right-of-way for the road and fixed the amount of damages claimed by him at $500; this appears in the report of the highway engineer filed with the county court. The county court apparently was not willing to fix his damages at the sum claimed, and therefore, in accordance with section 10438, Revised Statutes 1909, appointed a commission of freeholders to assess his damages. Both a commission assessed his damages and, at respondent's request, a jury tried anew the question of damages and assessed his damages at the sum of $50. This sum was paid before the order establishing the road was made. We see no merit in respondent's contention.

Moreover, the respondent had an adequate remedy at law to correct the alleged errors of the county court of Pike County, Missouri, see sections 10440 and 3956, Revised Statutes 1909. He voluntarily abandoned that remedy in the circuit court of Pike County by dismissing his appeal from the judgment of the county court. If respondent felt himself aggrieved by the omission in the

record of the county court fixing the probable amount of damages, as aforesaid, he should have prosecuted his appeal in the circuit court of Pike County, Missouri. Under the provisions of the above sections of the law, the corrective hand of the circuit court of Pike County could have corrected the irregularity appearing in the proceedings of the said county court. [See Grossman v. Patton, 186 Mo. 661, 85 S. W. 548; Shoppert v. Martin, 137 Mo. 455, 38 S. W. 967; Searcy v. Clay County, 176 Mo. l. c. 513, 515, 75 S. W. 657; Bennett v. Hall, 184 Mo. l. c. 415, 83 S. W. 750; Stutz v. Cameron, 254 Mo. l. c. 359, S. W. 221; Cannady v. Beaumont, 213 S. W. l. c. 829 (not yet officially reported); Summers v. Cordell, 187 S. W. l. c. 8 (not officially reported).]

Respondent having voluntarily abandoned the opportunity given him by law to have the matters he now complains of corrected is in no position to ask relief from a court of equity.

We hold that under the facts in this case respondent was not entitled to the writ of injunction issued by the circuit court of Pike County, Missouri.

In view of the above and foregoing the Commissioner recommends that respondent's bill be dismissed. That the decree be reversed and the cause remanded with directions to the circuit court to dissolve the injuncton and dismiss plaintiff's bill.

PER CURIAM:—The foregoing opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded with the directions to the circuit court to dissolve the injunction and dismiss plaintiff's bill. *Reynolds, P. J., Allen* and *Becker, JJ.,* concur.