TURLOW *et al.*, *Appellants*, v. ROSS *et al.*

### Division One. May 24, 1898.

1. **Roads and Highways**: REPORT OF COMMISSIONERS. A report signed by only two of the three commissioners, duly appointed by the county court to assess damages to landowners, is sufficient, even though only two of them qualified.

2. ———: ———: CONSTRUING STATUTES. As the legislature has declared (R. S. 1889, sec. 6570) that words in a statute "importing joint authority to three or more persons shall be construed as authority to a majority of such persons, unless otherwise declared in the law giving such authority," and as section 3 of the road law of 1893 declares that "the report of the board of commissioners, when signed by a majority of them, shall be taken and considered as the report of all," it is held that a report of the commissioners to assess damages, signed by two of them, was valid.

3. ———: ———: ———: UNCONSTITUTIONAL. Such assessment of damages being *preliminary*, and the landowner still having a right to a jury trial, these statutes are not in conflict with the Constitution, which requires, when private property is taken for public use that "compensation shall be ascertained by a jury, or a board of not less than three freeholders."

4. ———: CHANGE IN ROAD. The statute authorizes a change in a road to be applied for and made in the same manner and for the same purpose that a new road may be established.

*Appeal from Gentry Circuit Court.*—HON. C. A. ANTHONY, Judge.

REVERSED AND REMANDED.

*McCullough, Peery & Lyons* for appellants.

(1) The report of the commissioners appointed to assess damages, signed by a majority of them was legal and valid. Sess. Acts 1893, p. 223, sec. 3; R. S. 1889, sec. 6570; *Moore v. Wingate*, 53 Mo. 398; *Johnson v. Beasley*, 65 Mo. 250; *Quayle v. Railroad*, 63 Mo. 473. (2) The defendants, under the circumstances

disclosed by this record, will not be heard to say that their compensation has not been ascertained by a jury or board of commissioners of not less than three freeholders. That the constitutional provision has been complied with, and that the defendants by entering into the trial before the jury in the county court and then appealing from that verdict, have waived all irregularities in the report of commissioners, even if there were such, is established by the following authorities: *Sedalia v. Railroad*, 17 Mo. App. 105; *In re Essex Avenue*, 121 Mo. 98; *Long v. Talley*, 91 Mo. 305; *Sutherland v. Holmes*, 78 Mo. 399; Mills on Em. Dom., sec. 251; *Leonard v. Sparks*, 117 Mo. 103. A party may waive his constitutional right to have a jury trial. *Merrill v. St. Louis*, 83 Mo. 244; *In re Essex Avenue*, 121 Mo. 98; *Railroad v. Town Site Co.*, 103 Mo. 469; *O'Day v. Conn*, 131 Mo. 325; *Rothen v. Railroad*, 113 Mo. 138. One jury trial is all a party is entitled to. Dill. Mun. Corp., sec. 439; *State ex rel. v. Allen*, 45 Mo. App. 567; *Marshall v. Standard*, 24 Mo. App. 193; Cooley, Const. Lim., p. 410. (3) The record shows, as above stated, that these defendants in their exceptions filed in the county court, prayed that their damages be assessed by a jury, as provided by law. The road law provides that this jury shall consist of six freeholders. The defendants entered into that trial without objection and appealed from the judgment. The former report of the commissioners was by these proceedings set aside, and thereafter became unimportant for any purpose in the case. (4) The jurisdictional steps and facts in a proceeding of this kind have been distinctly pointed out in a very similar case, and a comparison of the record in this case with the one considered in that, will show that the circuit court erred in dismissing the proceeding. *Zeibold v. Foster*, 118 Mo. 354.

*C. H. S. Goodman* and *T. M. Humphrey* for respondents.

(1) This is a proceeding *in invitum* for the condemnation and appropriation of private property for public use, and all the requirements of the law must be strictly complied with, and unless this be done the proceedings will be held wholly insufficient to vest the title to the real estate in the public. *Ells v. Railroad*, 51 Mo. 200; *Cunningham v. Railroad*, 61 Mo. 33; *Lind v. Clemens*, 44 Mo. 540; *Leslie v. St. Louis*, 44 Mo. 479; *State ex rel. v. St. Louis*, 67 Mo. 113; *School District v. Dorton*, 125 Mo. 439; *Anderson v. Pemberton*, 89 Mo. 61; *Kansas City v. Ford*, 99 Mo. 91; *Railroad v. Young*, 96 Mo. 39. (2) It is true that the statute provides that the report may be signed by a majority of the commissioners, but this implies that such number must qualify as will admit of a majority. "The rule permitting a majority to act implies that a full board, as required by law, is actually in existence. Thus, where by law a board can not consist of less than three members, and only two qualify, the two can not act, for there is then no board of which the two would constitute a majority." Mech. on Public Officers, sec. 575. (3) So far as our research discloses this point has not been the subject of adjudication by the appellate courts of this State, but has been the subject of decision by courts of last resort in other jurisdictions. *Schenck v. Peay & Bliss*, 1 Wool. C. C. (U. S.) 175; 2 Kent's Com., 293, note a, 633; *Com. v. Com'rs*, 9 Watts, 466; *Green v. Miller*, 6 Johns. 39; *Kirk v. Ball*, 12 Eng. Law and Eq., 385; *Crocker v. Crane*, 21 Wend. 211; *Dougherty v. Hope*, 1 Coms. 79; *Downing v. Rugar*, 21 Wend. 178; *Perry v. Tynen*, 22 Barb. 140; *Williamsburg v. Lord*, 51 Mo. 599; *Ells v. Railroad*, 51 Mo. 200. (4) Respondents further

contend that the judgments of the Gentry circuit court was right, for the reason that there is no statute in this State authorizing the proceedings instituted by the plaintiffs. Revised Statutes 1889, section 7818, provides for a change of road where a landowner desires to inclose or cultivate land through which the road may run, but the petition must contain the necessary averments to bring it within the purview of the statute. This was expressly so held in *Wilson v. Berkstresser*, 45 Mo. 283. It will be seen that the legislature has omitted to specify in said act of 1893 under what circumstances a road may be changed, so that its provisions can only apply to changes of roads in cases already specified in the statute.

. WILLIAMS, J.—This proceeding, instituted in the county court of Gentry county, under the provisions of the act of March 18, 1893, for change of a public road, by twelve freeholders of the township in which such road is located, comes here by appeal from a judgment of dismissal in the circuit court, to which the case was taken from the county court.

Two grounds are assigned in the motion of the landowners to dismiss, sustained by the circuit court. One is that only two of the commissioners appointed to assess the damages qualified as such, and hence it is claimed the proceedings are void. The other alleges that the county court had no jurisdiction, because the petitioners were attempting to establish a new road under the guise of a change of road, and the petition did not contain the necessary averments for such change. The regularity of the proceedings in other respects is unchallenged.

1. The county court, on the sixth of February, 1895, appointed, by an order of record, three disinterested freeholders possessing the qualifications required

by law, as a board of commissioners to assess the damages to the land of respondents, over which the road, as changed, would be located. One of these commissioners did not act. The others qualified, and on the seventh of May, 1895, filed a report, signed by them, stating that the landowners would sustain no damages. An application of respondents to dismiss, on the ground that one of the commissioners failed to qualify or participate in the assessment, was denied by the county court. The respondents also asked that the amount of their damages "be assessed by a jury·as provided by law." This was sustained, and six freeholders were selected and impaneled in the county court, and, after hearing the evidence of both sides, by their finding declared that respondents would sustain no damages by the proposed change of road. The county court then made an order granting the change, etc., and respondents appealed to the circuit court. Here the motion to dismiss was renewed, and it was sustained. In this we think the court committed error.

It is true the statute (Acts 1893, p. 223, sec. 3) requires the county court to appoint *three* disinterested freeholders to act as a board of commissioners to assess the damages resulting to the owner, by reason of the location of a new road, or the change of a road, upon his land. The legislature, however, has laid down certain rules for the construction of statutes. Section 6570, Revised Statutes 1889, declares that "the construction of all statutes of this State shall be by the following additional rules, unless such construction be plainly repugnant to the intent of the legislature, or of the context of the same statute. . . . . . . . *Second*, words importing *joint* authority to *three* or more persons shall be construed as authority to a *majority* of such persons, unless otherwise declared in the law giving

such authority." There is nothing in the road law, under which the county court was acting, indicating an intent that all the commissioners must qualify and act. Upon the contrary, it is declared that "the report of said board of commissioners, *when signed by a majority of them*, shall be taken and considered as the report of all." (Sec. 3, acts 1893, p. 223.) This court said in *Quayle v. Railroad*, 63 Mo. 465: "What is the joint authority conferred upon the three commissioners? It is to view the land, assess the damages and make report. It is not expressed in the statute that all three shall join in the view of the land, the assessment of the damages, or in making the report, and therefore according to the rule of construction laid down by the legislature, any two of them might act, and perform all of these duties, unless such a construction would not only be repugnant, but *plainly* repugnant, to the intention of the legislature in requiring them to be appointed." See, also, *Moore v. Wingate*, 53 Mo. 398. It is plainly apparent that the legislature intended that, if a majority of the commissioners should qualify and make the assessment, their acts should be valid.

But it is said the *Constitution* requires, when private property is to be taken for public use, that the "compensation shall be ascertained by a jury, or board of commissioners of not *less* than *three* freeholders, in such manner as may be prescribed by law." (Sec. 21, art. II of Constitution.) Hence, it is argued, that, if the road law is construed to mean that a majority may make the assessment, when the third commissioner fails to qualify, the landowner is deprived of his constitutional right to a board of *three* commissioners. This overlooks the fact that the legislature need not have required the appointment of three commissioners in the first instance. The compensation must be fixed by a jury, or by a board of not less than three freeholders.

The statute under consideration provides that upon demand of the landowner, the damages must be assessed in the county court by six freeholders. He is then- given the right of appeal to the circuit court, where he can have a trial, before a common law jury, of the amount of compensation to which he is entitled. It will be seen that if no provision had been made for the appointment of. commissioners to make a *preliminary* assessment, or, if for a less number than three for that purpose, still ample opportunity is accorded in the *subsequent* proceedings for the enforcement of the constitutional right of the landowner to have his "compensation ascertained by *a jury or* board of commissioners of not less than three freeholders." This sufficiently meets the mandate of the Constitution. Mills on Eminent Domain [2 Ed.], sec. 91; Lewis on Eminent Domain, sec. 312; *Reckner v. Warner*, 22 Ohio St. 275; *In re Essex Avenue*, 121 Mo. 98. This court has always upheld the right of the citizen to demand a strict adherence to the requirements of the law, when it is sought to take his property for public use without his consent. This, we think, was done in the case at bar. Respondents may yet have a jury to assess their compensation.

2. The objection remains that this proceeding is not authorized by the statute. The contention of the respondents seems to be that provision is only made for a change of road in two instances. One, when the owner desires to inclose and cultivate land over which a road runs, and asks to turn the road on his own land or the land of any other person consenting thereto, under section 7812, Revised Statutes 1889, page 1817; and the other, under section 7804, when the road runs along the bank of a river or creek and the same "falls or caves in." This, is a misconception. The statute, in terms, authorizes a change of road to be

applied for and made in the same manner and for the same reasons that a new road may be established. Public necessity may require the change of a road fully as much as the opening of a new one. The statute is explicit upon this subject. Acts 1893, p. 222, sec. 1, 2, and 3; *Zeibold v. Foster*, 118 Mo. 349.

It results that the judgment of the circuit court must be reversed and the cause remanded. All concur.