## SHIVELY, Appellant, v. LANKFORD et al.

### Division Two, May 19, 1903.

1. **Township Boards: ROADS: ACT OF 1893: TWO SUBJECTS: UNCONSTITUTIONAL.** The act of 1893 entitled "An act to amend sections 7796 and 7800, relating to roads and highways, and to repeal sections 7798, and 7799, and inserting two new sections in lieu thereof," was an amendment to the general road law, and by the title no reference was made to laws giving to township boards in counties existing under township organization, authority to condemn for road purposes, and the fifth section of that act, declaring that its provisions should also apply to counties acting under township organization, is unconstitutional, because no reference was made to it in the title. The Act of 1893 did not, therefore, vest in county courts the authority to open roads in counties existing under township organization, but left that authority where it had previously been, in the township boards.

2. ———: ———: **JURISDICTION: AGREEMENT WITH PETITIONERS.** Where the record recites that, "it appearing to the board that" the appellant "and the said petitioners can not agree as to the damages sustained by reason of the location of said proposed new road on his land," it will not be held that the township board had failed to acquire jurisdiction on the ground that the record of the board does not show that the appellant and the petitioners could not agree as to damages, for that recital clearly shows to the contrary.

3. ———: ———: **ORGANIZATION SHOWN IN CIRCUIT COURT.** It is not necessary that the record of the township board show, in a proceeding to open a road, that the county had adopted township organization, and if the point is not raised before the township board, or the county court, it can be raised in the circuit court by the person who has appealed from the board's order establishing the road, and if so raised it is proper for the petitioners to meet it there, and for the circuit court to determine it.

4. **Constitutional in Part.** A part of the statute may be unconstitutional without rendering the whole statute void.

5. ————: TOWNSHIP ORGANIZATION: "HOUSEHOLDERS." The words "householder" and "freeholder" do not mean the same thing. And as the Constitution says that in condemnation cases the value of the land shall be determined by not less than "three freeholders," that part of the general law governing township organization which says that the value of lands taken for a public road shall be determined by "three freeholders," is void. But this clause of the Constitution is self-enforcing, and may be read into this statute as a part of it, and the word "householders" rejected, and the word "freeholders" read in its place, and the statute in all other respects remain in force. The township board, in spite of the statute, should select freeholders for commissioners, and if that is done, the commissioners are a constitutional body.

6. Township Roads: COMMISSIONERS. Where the record shows that the commissioners appointed to determine the value of appellant's land taken for a public road were "freeholders and householders," it will be held that the valuation was made by a constitutional body.

7. ————: ————: APPEAL: JURY OF TWELVE. Where a jury trial is a matter of constitutional right, it is a sufficient compliance with this guaranty that the statute provides a jury trial on appeal.

8. Condemnations: TRIBUNALS. The Constitution does not mean that condemnation proceedings can only be conducted in a court in its judicial sense. The manner of the exercise of the power of condemnation, except as to compensation, is unrestrained. It is a legislative power, and the Legislature may determine the body upon which it will confer it, provided it makes provision for the ascertainment of just compensation by a board of freeholders or a jury.

9. ————: COMPENSATION: PAID TO TRUSTEE. The compensation awarded to a landowner for land taken for a public road, on appeal by him from an order of the township board establishing the road, may by the county court be ordered to be paid to the township trustee for him. The words, "or into the court for the owner," used in the Constitution, must be held to mean that, if the owner refuses to accept the award of damages, the money shall be paid to the officer of the tribunal established by the Legislature for the administration of justice in that particular condemnation proceeding.

10. ————: FORM OF ORDER. The order of the township board or county court should direct that the proposed road should be established when the damages are paid to the landowner to whom awarded, or, if he refuses them, to the township trustee for him.

11. ————: ————: TRUSTEE'S BOND. The smallness of the trustee's bond does not affect the validity of the order directing the award to be paid to the landowner whose land is taken, or, upon his refusal, into the trustee's hands for him.

12. ———: PROCEEDINGS IN CIRCUIT COURT. The circuit court, in a proceeding to condemn land for a public road in a county existing under township organization, is restricted on appeal from the county court, to questions of law arising on the appeal. It can not, therefore, determine that a recital in the records of the township board and of the county court is false wherein they say that all other persons except appellant "through whose land said proposed road will run have relinquished their rights of way therefor," for that recital is of a fact.

Appeal from Daviess Circuit Court.—*Hon. E. J. Broaddus*, Judge.

AFFIRMED.

*Crosby Johnson & Son* and *Selby & Given* for appellant.

(1) When this proceeding was instituted there was no law in force in Daviess county authorizing a township board to entertain a petition to condemn land for road purposes. Laws 1893, p. 222, sec. 5; Laws 1897, p. 217; R. S. 1889, sec. 6594; Railroad v. Cass Co., 53 Mo. 17; State v. Dolan, 93 Mo. 467; Smith v. Jacobs, 77 Mo. App. 254. (2) As the township board had no jurisdiction, an appeal to the county court conferred no jurisdiction on that body. Planing M. Co. v. Short, 58 Mo. App. 320; Batchelor v. Bess, 22 Mo. App. 402. (3) It was an error for the circuit court to admit evidence to show that the township organization law had been adopted in Daviess county. Nickerson v. Lynch, 135 Mo. 471. (4) The presumption is that the general road law is in force in a specified locality until the contrary is alleged and shown. State v. Hays, 78 Mo. 601; Rousey v. Wood, 47 Mo. App. 465. (5) The Township Organization Act is unconstitutional because it confides the condemnation of land for public roads to a tribunal other than a "court." Const., art. 2, sec. 21; Mason v. Woerner, 18 Mo. 570; Sternburg v. State, 48 Neb. 299; 8 Am. and Eng. Ency.

of Law (2 Ed.), 22; Const., art. 6, secs. 1, 37. (6) As the damages, when assessed and refused, are to be paid "into court," it is implied that the proceedings to condemn property for public use must be instituted in and carried on under the supervision of a court of record. State ex rel. v. Buchanan, etc., 108 Mo. 242; State ex rel. v. McCaffery, 155 Mo. 500; State v. Laclede, etc., 102 Mo. 472; Riddick v. Walsh, 15 Mo. 519. (7) "Court" is used in the Constitution in its technical sense. State ex rel. v. Leffingwell, 54 Mo. 458. (8) A Constitution should be construed in the light of laws existing at the time of its adoption. Lamar Co. v. Lamar, 128 Mo. 188. (9) Section 21, article 2 of the Constitution is not self-enforcing in the sense that it will enable the public to condemn property otherwise than in pursuance of a statutory scheme. Cooley on Const. Lim., 528; Fusz v. Spaunhorst, 67 Mo. 256; State v. Sattley, 131 Mo. 464; Utley v. Hill, 155 Mo. 232. (10) Section 21 shows on the face that it must be supplemented by legislation, specifying the court and the number and character of freeholders who should assess the damages of the landowner, before land can be condemned for roads. State ex rel. v. Railroad, 74 Mo. 163; Arnold v. Hawkins, 95 Mo. 572. (11) While the prohibitory clause of section 21 is sufficient to render wrongful an invasion of vested rights, that section does not prescribe any scheme or mode of condemnation. Blakeman v. Benton, 9 Mo. App. 107; 2 Dillon on Mun. Corp. (2 Ed.), sec. 470. (12) Section 8549, R. S. 1899, of the township organization act is unconstitutional because it prescribes a jury of "householders" to assess damages, instead of a jury of "freeholders." Const., art. 2, sec. 21; Dillon on Mun. Corp. (2 Ed.), secs. 469-472; State ex rel. v. St. Louis, 1 Mo. App. 508; Jones v. Zink, 65 Mo. App. 410; State ex rel. v. Withrow, 133 Mo. 500. (13) Where the statute called for "freeholders" but the record showed "householders" were summoned, it was held

the record was void. Fore v. Hoke, 48 Mo. App. 254.
(14)  The decree of the county court is void because
the court condemned the land before the damages were
paid. Const., art. 2, sec. 21; 10 Am. and Eng. Ency.
of Law (2 Ed.), p. 1137; Walther v. Warner, 25 Mo.
277; Bradley v. Railroad, 91 Mo. 493. (15) As
George Dewey was owner of land to be affected by the
proceeding, failure to name him rendered the proceed-
ing void. 15 Am. and Eng. Ency. of Law (2 Ed.), 362;
Anderson v. Pemberton, 89 Mo. 61; Chouteau v. Rail-
road, 122 Mo. 388. (16) The decree does not show
that the county court found the road was of public
utility. "Being of opinion it should be established"
is insufficient. Leisse v. Railroad, 2 Mo. App. 105.
(17) Record does not show that petitioners saw and
tried to agree with Shively as to damages. Railroad
v. Young, 96 Mo. 43; Peed v. Barker, 61 Mo. App.
556; Moses v. Dock Co., 84 Mo. 243; Ellis v. Railroad,
51 Mo. 200. (18) The decree is not specific as to
the land to be taken. 15 Am. and Eng. Ency. of Law
(2 Ed.), 380. (19) Both county and circuit courts
erred in not adjudging costs up to end of trial in county
court against petitioners. R. S. 1889, secs. 2920, 2928.

*James E. Goodrich* and *Harry K. Allen* for re-
spondent.

(1) At the time of the giving of notice and the
determination of the proceeding before the township
board, it had authority to grant a change of road.
Section 5 of the Act of 1893, page 222, did not take
away from the board its rights theretofore existing,
but simply imposed upon all applicants for roads addi-
tional duties and requirements in the matter of pro-
cedure. These duties and requirements were removed
by the Act of 1897, page 217, so that the law as to pro-
cedure in township boards in 1899, was the same as it
had been prior to 1893. (a) The Act of 1893 did not

by apt terms repeal sections 8547-8550, Revised Stat-
utes 1889, the only clause of reference being section
five. Manker v. Faulhaber, 94 Mo. 430; Kansas City
v. Smart, 128 Mo. 272. (b) To effect a repeal of a
former act by implication arising from the terms of a
later act, there must be a positive repugnancy between
the provisions of the new and the old so that the two
can not by any fair interpretation stand together.
State ex rel. v. Walbridge, 119 Mo. 383; State ex rel.
v. Wofford, 121 Mo. 61; McVeagh v. McVeagh, 51 Mo.
406. (c) Two statutes upon the same subject should
be so construed as that both may stand, if possible.
Manker v. Faulhaber, supra. (d) A statute which
does not repeal a prior statute in express terms is not
to be construed as having that effect unless its pro-
visions are plainly incompatible with those of such
prior statute. State v. Daily, 49 Mo. App. 184. (e)
And if two statutes can be read together without con-
tradiction or repugnacy or absurdity or unreasonable-
ness, they should be read together and both should
have effect. Ex parte Joffee, 46 Mo. App. 360. (f)
It has become the settled rule of construction in Mis-
souri, where repeals by implication are not favored,
that the prior law is to be upheld if the two acts can
subsist together by fair interpretation and construc-
tion. State ex rel. v. Slover, 134 Mo. 10. (2) (a)
The courts will take judicial notice of the existence of
the law relative to township organization, but not that
it exists in any particular locality; but this latter fact
may be proven by extrinsic evidence. State v. Macy,
72 Mo. 431; Spurlock v. Dougherty, 81 Mo. 171;
Rousey v. Wood, 47 Mo. App. 469. (b) The adop-
tion of township organization in a particular county is
prima facie proven by the abstract of the county clerk,
duly recorded. Sec. 8427, R. S. 1889, sec. 10228, R. S.
1899. Rousey v. Wood, 63 Mo. App. 460. (3) As-
sessment of damages before board was merely pre-
liminary (but even here it was in accordance with the

Constitution), and the land-owner was deprived of no constitutional right, as he still had the right to, and did, appeal to the county court, where damages were ascertained by freeholders.   Turlow v. Ross, 144 Mo. 240.   (4) The Legislature has the same right to authorize township boards to establish roads as it did to give the same power to county courts, and township boards are courts of limited special jurisdiction, and such as to satisfy the requirements of the Constitution; and the Legislature had as much right to provide for payment of the damages to the township trustee, as it has in condemnations by railroad companies to provide for payment to circuit clerk.   Eminent domain has even been exercised by justice courts, and it is for the Legislature to determine what form of procedure shall be used in exerting the power of eminent domain, the only requisite being that the Constitution shall be observed.   Musk v. Railroad, 114 Mo. 315. The only requirement of the statute, section 8547, Revised Statutes 1889, is that the names of the owners of the land shall be given, if known.   As Clarence Dewey was in possession of the land under a contract of purchase, having paid a great part of the purchase price, he had possessory rights superior to those of George Dewey, and, as this matter is regulated entirely by statute, the naming of Clarence Dewey was all that was, necessary, he being the reputed owner of the land, and known to petitioner as such.   It will be observed that the statute does not require the names of all owners of the land, but only such as may be known to petitioners, hence, decisions cited by appellant do not apply.   For it is only necessary for the owner to be named where required by statute.   Chouteau v. Railroad, 12 Mo. 389.   And it was competent for the legislative branch of the government to prescribe the mode and manner of the exercise of the power of eminent domain.   Chouteau v. Railroad, 122 Mo. 392.

GANTT, P. J.—This proceeding was commenced by filing with the township board of Monroe township, in Daviess county, a petition to vacate a part of an old road and in lieu thereof establish a new road. The purpose of the alteration was apparently to have the road conform to Government lines and thus accommodate more people in the neighborhood.

The petition stated all the necessary jurisdictional facts, and the requisite notice was posted for more than twenty days. The proof of notice was made and the township board ordered the survey to be made by the county surveyor, and that relinquishments of right of way should be taken and the names of those who refused to relinquish and an estimate of the cost of all bridges that might be needed.

In due time the surveyor made report of his survey, and of the amount of land required to be taken from each owner and filed a *plat*. The cost of culverts he estimated at $20. The report was spread on the records of the board, and it appearing that John W. Shively refused to relinquish right of way, and that he and the petitioners could not agree as to the damages he would sustain, three disinterested commissioners, freeholders and householders of the township, were appointed to assess his damages by reason of the appropriation of his land for said new road, and ordered to report their assessment under oath, which they did on May 20, 1899. They assessed Mr. Shively's damages at $68, and thereupon the board approved the report, and ordered that the petitioners pay to him the said sum, and in the event he refused to accept it to pay the same to the trustee of said township for his use. And thereupon the board made its order discontinuing the old road and establishing the new road.

Mr. Shively thereupon filed his affidavit and bond for appeal to the county court which was granted. At the August term, 1899, the appeal was heard in the county court, and a jury of "twelve good and lawful

men,'' all freeholders of said county, three of whom were from Union township, which township adjoined Monroe township, were duly impaneled and assessed Shively's damages at $165. And judgment was rendered that the petitioners pay him that sum, and if he refused to accept it to pay it to the trustee of Monroe township to his use, and upon payment thereof, the new road was ordered established and the old road vacated. Shively again appealed to the circuit court and in that court moved to dismiss the proceedings for twenty-one different reasons. Which motion was overruled and the judgment of the county court in all things affirmed. A motion for new trial was filed and overruled, and Shively appealed to this court.

I. An exceedingly important question arises out of this appeal. It is insisted that when this proceeding was instituted there was no law of this State in force in counties organized under the township organization act authorizing a township board to entertain a petition to condemn lands for road purposes. Prior to 1893, sections 8547, 8548, 8549, and 8550, Revised Statutes 1889, which were enacted in 1883 (Laws 1883, pp. 206 and 207) conferred jurisdiction on township boards in counties organized under the township organization law, to hear and determine applications for the establishment of new roads and to alter old roads, and to appoint commissioners for that purpose to assess the damages arising from the appropriation of real estate for such new roads, and to establish the same. But the insistence is that in 1893 the General Assembly repealed said sections by implication, and conferred the power solely on the county courts to establish roads, and then by Act of 1897 (Laws 1897, pp. 217-8) repealed the amending statute in so far as it applied to counties acting under township organization, without re-enacting any law in lieu thereof, and hence since 1893 township boards have had no authority to establish new roads, and since 1897 there has

been no law permitting county courts to establish roads in counties acting under township organization.

The proposition that the General Assembly for a number of years has left the county authorities of seventeen large and populous counties without the power to establish or vacate a public road is somewhat startling. This contention is based upon the several acts already noted.

In 1893 the General Assembly passed an act entitled "An Act to amend sections 7796 and 7800, of chapter 140, article 1, of the Revised Statutes of the State of Missouri 1889, relating to roads and highways, and also to repeal sections 7798 and 7799 of the same chapter and article, and insert in lieu thereof two new sections." [Laws 1893, p. 222.]

Sections 7796, 7798, 7799 and 7800, Revised Statutes 1889, were all parts of the general road law of this State and were applicable to counties not organized under township organization. The title of the Act of 1893, supra, only gave notice of an intention to amend two specific sections of that general road law and to repeal two other sections thereof. The road law which governed in counties acting under township organization was not referred to in any manner whatever.

The general road law and the township organization road law were two separate and distinct laws. Different tribunals were invested with the power of hearing and determining whether a road should be established or vacated. In the one the county court had original jurisdiction; in the other, appellate jurisdiction. In the one, an appeal was allowed to the circuit court where the cause was tried *de novo;* in the other, only questions of law were allowed to be heard in the circuit court. Many marked distinctions abound throughout the two laws.

After providing for the amendment of the designated sections, and the repeal of the other two specified, and substituting two others in their stead, in the body

of the Act of 1893, that act contains a fifth section in these words: "The provisions of this act shall apply also to counties acting under township organization." If by these words the whole power of township boards to establish, change or vacate roads in their townships was intended to be repealed and this is the construction which must be placed upon this section, we are of opinion that it violates section 28 of article 4 of the Constitution of this State, which provides that, "No bill shall contain more than one subject, which shall be clearly expressed in its title."

The subject of the Act of 1893 is the *general road law* of the State which did not apply to counties acting under township organization and amendments of that law. There is not a sentence or word in the title that gives the slightest hint that it was intended to change or repeal the township organization road law; nor, indeed, the general road law, save and except certain specific sections which were indicated by their numbers. If it was the purpose of the author of the bill, originally, to make its provisions apply to the township organization law he not only failed to state it *clearly* but in any manner. The probabilities are that this section was an amendment to the bill as drawn without a corresponding amendment of its title. No member of the Legislature and no lawyer reading this title, would expect to find anything pertaining to township organization or any change in any law relative thereto.

Section 5 of the Act of 1893 is so incongruous that we are compelled to hold that it was unconstitutional, and wrought no change in the township organization law, and we are reinforced in this view by the repealing Act of 1897, which struck out this section 5 as soon, perhaps, as the attention of the Legislature was attracted to it, as entirely mischievous and misleading. [State v. Great Western Coffee & Tea Co., 171 Mo.

Vol 174 mo—35.

634; St. Louis v. Weitzel, 130 Mo. 600; State v. Burg-
doerfer, 107 Mo. 1.]

II.   The next point urged by appellant is that the
township board acquired no jurisdiction and conse-
quently the county court acquired none on appeal.

This is predicated on the assumption that the rec-
ord of the board does not show that Shively and the
petitioners could not agree as to the damages sustained
as required by section 8549, Revised Statutes 1889.

This is a misapprehension of the record.   The
abstract filed by appellant discloses that "it further
appearing to the board that the said Shively and the
said petitioners can not agree as to the damages sus-
tained by reason of the location of said proposed new
road on his land," etc., and the same finding appears
in the record of the county court.   If "it appeared to
the board," and the board so recites, the conclusion is
inevitable that the board so found the fact.   This is a
sufficient compliance with the statute.   [Nickerson v.
Lynch, 135 Mo. 480.]

III.   Error is also alleged in the action of the cir-
cuit court in permitting the petitioners to prove on the
motion to dismiss in that court that Daviess county
had adopted township organization.   This law is a
general law of the State of which all courts of the State
take judicial cognizance, but not that it exists or has
been adopted by a particular county.   If the county
had adopted it, it was not necessary that every record
of the board in that county should recite that fact as a
prerequisite to every official act of the board there-
after.

It was entirely competent when a motion was
made to dismiss the proceeding on that ground in the
circuit court, to prove that as a fact the county had
adopted it.   The contention is that because the town-
ship board and the county court each did not make a
finding that Daviess county had adopted township or-
ganization, it was incompetent for the circuit court to

hear evidence establishing that it had.   This is a mis-application of a well-settled rule that in statutory proceedings in derogation of the common law in tribunals of inferior or limited jurisdiction, all jurisdictional facts must appear on the face of their records.

Here every fact which gave the township board jurisdiction to vacate the old and establish the new road did affirmatively appear on the face of its record.   It was not required, however, to recite on its record the legality of its own existence.

While it is a conceded principle that where jurisdiction of an inferior court depends upon a fact which said court is required to ascertain and settle by its decision, its decision is conclusive as against a collateral attack (Lingo v. Burford, 112 Mo. loc. cit. 155, and cases cited), that court is not required to find the fact of its own existence in every case, no more than a court of general jurisdiction whose existence depends upon pre-existing facts and laws.   So in this case it was not required that the township board should find and spread on its record in this case that township organization had been adopted by Daviess county.   The finding of that fact had been committed to a returning board created by law, and the evidence of it was required to be spread on the record of the county court, a different tribunal, and if the board had found said fact it would not have concluded any person whose rights were to be affected by its proceedings.

No question of the adoption of township organization by the county arose until raised in the circuit court, and when it was tendered in that court by appellant's motion it was entirely proper to meet it with the proof which the law had prescribed should be the primary evidence.

This point must likewise be adjudged against the appellant, and for this same reason the proposition advanced that the presumption that the general road law is in force in a specified locality until the contrary ap-

pears, must fall in face of the fact that the township organization law had been adopted in Daviess county.

IV.    This brings us to the insistence that the township organization law is void for the reason that it provides that if it shall appear to the board that the person through whose lands the proposed road will run and the petitioners therefor can not agree as to the damage sustained by reason of the location of said road "the board shall appoint three disinterested commissioners who shall be *householders* in the same or an adjoining township . . . to assess the said damages," whereas the Constitution of Missouri ordains "that private property shall not be taken or damaged for public use without just compensation. Such compensation, shall be ascertained by a jury or board of commissioners of not less than three *freeholders* in such manner as may be prescribed by law;" in a word, the Constitution prescribes the commissioners shall be "freeholders" and this statute that they shall be "householders." That one may be a freeholder and not a householder, or a householder and not a freeholder, seems to be too plain for argument. "Householder" refers to the civil status of a person, not his property, and a man may be a householder without owning real estate or any interest therein, whereas a freeholder is one who owns "a freehold estate, that is, an estate in lands, tenements or hereditaments of an indeterminate duration, other than an estate at will or by sufferance, as in fee simple, fee-tail, or for life, or *durante viduitate,* or during coverture," etc.    [2 Minor's Inst., 71 l. c.; 1 Thos. Co. Lit., 621 & N. (C).]

One may be an extensive *freeholder* and yet not be a *householder.*    [Carpenter v. Dame, 10 Ind. loc. cit. 129; Bradford v. State, 15 Ind. 353; Nelson v. State, 57 Miss. 286.]

So that it is apparent that the statute does not require the commissioners to be *freeholders,* and in that

regard falls short of the requirement of the Consti-. tution. But does it follow that the whole act is necessarily rendered void by the single fact that it prescribes that the commissioners shall be "householders?"

We are clearly of the opinion that it does not.

Section 21 of article 2 of the Constitution is designated a *prohibitory clause,* and has been construed to be self-executing. In other words, is not dependent upon legislative action to effect its purpose.

As said in Householder v. Kansas City, 83 Mo. 496, "the making of a Constitution is but legislation; legislation, however, of the most solemn character."

Being the supreme law of the State and self-executing, section 21, article 2, supra, is necessarily written into every law which has for its object the condemnation of the citizen's lands for public use and necessarily a part of the statute under consideration and must be held to remove any and all provisions of this act which conflict with it, or which can not be reconciled with it. The statute provided for the appointment of commissioners and for their report, and their number as required by the Constitution, the only conflict is as to their qualifications, the statute requir-· ing them to be "householders," whereas the Constitution requires them to be "freeholders."

If it should be held that the Legislature had no power to require any additional qualification to that of being freeholders, then the provision of the statute as to householders must be rejected, and the commission should be composed of freeholders and the statute in all other respects remain in force, as it is well settled that a part of a statute may be unconstitutional without rendering the whole statute bad. We think in this case it is evident that the requirement that the commission should consist of householders was in no sense the consideration for the passage of the act, and the striking out of that word would leave the act valid as the Constitution would supply the qualification of the

commissioners.    We incline to the opinion that the rule of *expressio unius* applies here and that the Legislature improvidently added a qualification not authorized by the Constitution, but by so doing have not rendered the whole law invalid, and it can be enforced by requiring the commissioners to be freeholders, as was done in this case, as the record shows the commissioners were both freeholders and householders, and hence the appellant's damages were assessed in the first instance by a constitutional commission. [State ex rel. v. McGowan, 138 Mo. 187.] But there is another view equally fatal to appellant's claim.

In the kindred case of Turlow v. Ross, 144 Mo. 239, the report of the commissioners was signed by only two of the commission and the argument was advanced that it was void because all three did not join therein, but Judge WILLIAMS, speaking for the court, said:

"It is argued that if the road law is construed to mean that a majority may make the assessment the landowner is deprived of his constitutional right to a board of · *three* commissioners. This overlooks the fact that the Legislature need not have required the appointment of three commissioners in the first instance. The compensation must be fixed *by a jury, or by a board* of not less than three freeholders. The statute under consideration provides' that upon demand of the landowner, the damages must be assessed in the county court by six freeholders. He is then given the right of appeal to the circuit court, where he can have a trial before a common-law jury. It will be seen that if no provision had been made for the appointment of commissioners to make a preliminary assessment, or, if for a less number than three for that purpose, still ample opportunity is accorded in the subsequent proceedings for the enforcement of the constitutional right of the landowner to have his 'compensation ascertained by a *jury or* board of commis-

sioners of not less than three freeholders.' '' [In re Essex Avenue, 121 Mo. 103; Mills on Eminent Domain (2 Ed.), sec. 91; Lewis on Eminent Domain, sec. 312.]

The general rule is that where a jury trial is a matter of constitutional right, it is a sufficient compliance with this guaranty that the statute provides a jury trial on appeal.

This the statute under consideration afforded appellant, and he availed himself of it, and on appeal his damages were assessed by a jury of twelve. So that he had his constitutional jury.

VI. A further contention is made that the township organization law is invalid because it provides, as was done in this case, that if the landowner refuses to accept the damages assessed, they should be paid to the *township trustee* for the owner's use. The claim is that it must be paid "*into court* for the owner," and the trustee is not a court. The power of eminent domain is inherent in every independent government. It is not conferred by our Constitutions in the States of the American Union. The provisions of our Constitutions are limitations merely on the power. The power is a legislative one. The manner of its exercise, except as to compensation, is unrestrained by the Constitution.

The Legislature is under no obligation to submit the question to a judicial tribunal, but may determine it themselves or delegate it to a municipal corporation, to a commission or to any other tribunal it may see fit, in the first instance, provided it makes provision under our Constitution for the ascertainment of the compensation in the manner prescribed in the Constitution, i. e., by a jury or board of commissioners of not less than three freeholders in the manner prescribed by law, whose action is reviewable by the court.

Thus the Legislature is left free to prescribe the procedure and the tribunal which is to conduct it; not

necessarily a court in a strictly judicial sense. [State v. Rapp, 39 Minn. 67.]

The county court in exercising this jurisdiction is merely a quasi-judicial body and occupies the same relation to the general road system that the township board does to the road system in township organization.

The phrase of the Constitution, "or into the court for the owner," must be construed in the light of the legal principles already enunciated and be held to mean that if the owner refuses to accept the award of damages, the money shall be paid to the officer of the tribunal established or designated by the Legislature for the administration of justice in that particular condemnation proceeding. It does not mean and has not been so construed, that these proceedings can only be conducted in a court in its judicial sense.

The argument advanced that the trustee's bond is not sufficient is not convincing.

Eminent domain has been exercised in justice courts and the damages required to be paid to the justice of the peace, an officer who gives no bond whatever. [Musick v. Railroad, 114 Mo. 309.]

As to the objection made to the form of the order, it complies with the Constitution in that it ordered that the proposed change in the road should not be made until the damages were paid to Shively, the appellant, and if he refused to accept, then to the township trustee for him. [Provolt v. Railroad, 57 Mo. 256.]

As to the proposition that George Dewey and not Clarence Dewey was the owner of one of the tracts over which the proposed new road would run and had neither relinquished his right of way nor had his damages assessed, it is sufficient to say this was one of the facts which was within the jurisdiction of the township board and county court, respectively, to find, and as the board and the county court have affirmatively

found that "all other persons through whose land said proposed road will run have relinquished their rights of way therefor," this question of *fact* was not open for trial in the circuit court, which was restricted by section 8556, Revised Statutes 1889, to questions of law arising on said appeal.

But outside of this there is no merit in the contention. No such point was made before the board or the county court, and, besides, Clarence Dewey was in possession of the land and had paid $2,400 of the $3,000 consideration therefor and was the equitable owner thereof.

Thus at much pains and at great length we have endeavored to consider the real points involved in the change of this township road, because while it appears that the appeal has little to commend it, inasmuch as the change of the road could in no event have seriously affected Mr. Shively's rights, the right to appropriate private property to public use, even if that use be to open a public road of general utility, is one which the Constitution sedulously and jealously guards, and it is our duty to carefully consider the questions involved. May we express the hope that this highway, established at the cost of so much labor by learned counsel, will be kept in a much better state of repair than the average public road in this State.

The judgment of the circuit court is affirmed. All concur.