## In Re C. S. GROSSMAN et al. v. PATTON et al., Appellants.

### Division Two, February 21, 1905.

1. **PUBLIC ROAD: Householder and Freeholder: Statute.** The words "householder" and "freeholder" are not synonymous. The statute, found in the chapter concerning township organization, which requires the commissioners to assess damages for land taken for a public road to be "householders," is in conflict with the Constitution, which requires them to be "freeholders," and the constitutional provision being prohibitory and self-executing, it must be read into the statute, and the township board cannot condemn and appropriate land of any person for a public highway without appointing a commission or jury composed of freeholders.

2. ———: ———: **Shown by Report.** A recital in the report of the commissioners that they were freeholders is not sufficient to show that they were in fact freeholders. That fact must affirmatively appear from the record of the board.

3. ———: ———: **Appeal to County Court: Commissioners.** Where the landowner has appealed from the action of the township board establishing a public road, to the county court, he is entitled to a commission or jury of freeholders to assess his

damages. That right is given him by the Constitution, and the statute grants him a trial anew. The county court cannot dispose of the question of damages or compensation itself without awarding the appellants a commission or jury to assess their damages.

4. ———: ———: ———: ———: **Duty of Circuit Court: Dismissal.** Where every step in the proceedings before the township board to establish a public road was in conformity to law except a denial of a constitutional jury of freeholders and on appeal to the county court the court itself disposed of the question of damages without awarding appellants a commission of freeholders, the duty of the circuit court, on appeal to it, is not to dismiss the whole proceeding, but remand the case to the county court with directions that it allow the appellants their constitutional jury of freeholders. The circuit court as to such proceedings is, by statute, a court of errors.

5. ———: ———: ———: ———: ———: **Costs.** Where a public road case begun before the township board was appealed to the county court on the ground that the commissioners who assessed the damages were householders and not freeholders, and in the county court the appellants are denied a jury of freeholders to assess their damages and they appeal to the circuit court, the costs in the circuit court should be taxed against the respondents and the circuit court can with propriety assume that the costs in the county court will be properly taxed by that court.

Appeal from Carroll Circuit Court.—*Hon. Jno. P. Butler,* Judge.

AFFIRMED.

*Jas. F. Graham* and *Conkling & Rea* for appellants.

(1) The record of the township board must show affirmatively that the commissioners were freeholders. An omission in this respect violates an express provision of the Constitution. Art. 2, sec. 21, Const.; sec. 10345, R. S. 1899. The terms "freeholder" and "householder" are not synonymous. "A freeholder is a person who possesses a freehold estate in land." Black's Law Dictionary; Anderson's Law Dictionary; Fore v. Hoke, 48 Mo. App. 261. "A householder is the

occupier of a house; one who keeps house with his family; the head or master of a family; one who has a household; the head of a household." Black's Law Dictionary; Anderson's Law Dictionary. "It is plain from these definitions that a person may be a householder without being a freeholder." Fore v. Hoke, 48 Mo. App. 261; Shively v. Lankford, 174 Mo. 535. (2) All jurisdictional steps must affirmatively appear on the face of the record. That the assessment of damages shall be made by freeholders is a jurisdictional requirement. The record of this case, both before the township board and in the county court, shows affirmatively that this requirement was ignored. Hence, neither the county court nor the township board had jurisdiction to establish this road, and the entire proceeding should have been quashed. State ex rel. v. St. Louis, 1 Mo. App. 503; Springfield v. Whitlock, 34 Mo. App. 649; Fore v. Hoke, 48 Mo. App. 254; Jones v. Zink, 65 Mo. App. 409; Ellis v. Railroad, 51 Mo. 200; Whitley v. Platte County, 73 Mo. 30; Railroad v. Young, 96 Mo. 39; Railroad v. Lewright, 113 Mo. 660; School District v. Dorton, 125 Mo. 439; Spurlock v. Dorman, 81 S. W. 412. (3) Since the proceedings in the county court were held to be invalid, all costs therein should have been taxed against petitioners. Appellants were certainly the prevailing party as to the proceedings in the county court. R. S. 1899, sec. 1547; Hawkins v. Nowland, 53 Mo. 328; Dupont v. McLaran, 61 Mo. 502; State ex rel. v. Hanley, 76 Mo. App. 631; Jones v. Yore, 142 Mo. 49; Wischmeyer v. Richardson, 153 Mo. 559; State ex rel. v. Wilson, 174 Mo. 509.

*Lozier & Morris* for respondents.

(1) All the facts conferring jurisdiction on the joint township boards to establish the proposed public road affirmatively appear on the face of the proceedings. The formality, sufficiency and validity of the

proceedings up to the time of the appointment of the commissioners are not questioned by appellants. A subsequent irregularity in the proceedings before the township board or in the county court would not have the effect of depriving such tribunals of jurisdiction, or warrant a quashing of the entire proceedings. R. S. 1899, secs. 10342, 10344, 10350; Seafield v. Bohne, 169 Mo. 537; Nickerson v. Lynch, 135 Mo. 471; Sutton v. Cole, 155 Mo. 213; Sappington v. Lenz, 53 Mo. App. 44; Collins v. Kamman, 55 Mo. App. 464; State v. Schneider, 47 Mo. App. 669; Zimmerman v. Snowden, 88 Mo. 218; Adams v. Cowles, 95 Mo. 507; Cloud v. Pierce City, 86 Mo. 357; Crow v. Meyerseick, 88 Mo. 415; Whitley v. Platte County, 73 Mo. 32; Daugherty v. Brown, 91 Mo. 26; Lingo v. Burford, 112 Mo. 149; Zeibold v. Foster, 118 Mo. 349; Trimble v. Elkins, 88 Mo. App. 229. (2) While under section 21, article 2, of the Constitution, the damages sustained by appellants by reason of the appropriation of their land for road purposes must be ascertained by a jury or board of not less than three freeholders, still it is not necessary that such damages, in the first instance, be assessed by freeholders. It is sufficient if, at some stage of the proceedings, the damages be so assessed. On appeal to the county court the damage may thus be ascertained. Shively v. Lankford, 174 Mo. 535; Turlow v. Ross, 144 Mo. 234; Railroad v. Miller, 106 Mo. 458; Railroad v. Bates, 109 Mo. 53; Railroad v. Story, 96 Mo. 611; State ex rel. v. Withrow, 133 Mo. 500; Railroad v. Town Site Co., 103 Mo. 470; Rothan v. Railroad, 113 Mo. 132; Mills on Eminent Domain (2 Ed.), sec. 91; Lewis on Eminent Domain, sec. 312. (3) Section 21, article 2, of the Constitution, is self-enforcing. It requires no legislation to give it effect. And although section 10352, Revised Statutes 1899, did not specifically provide for ascertaining damages by a jury or board of not less than three freeholders, on appeal, yet on demand either party is entitled to such trial, and in this case the ap-

pellants may yet have their damages assessed in accordance with said constitutional provision. Householder v. City of Kansas, 83 Mo. 488; Blanchard v. City of Kansas, 16 Fed. 144; McElroy v. City of Kansas, 21 Fed. 275; Hickman v. City of Kansas, 120 Mo. 110; Railroad v. Strong, 90 Mo. 611; State ex rel. v. Dearring, 173 Mo. 507. (4) The circuit court has a superintending control over the county court and in proceedings of this character the circuit court can nullify any unauthorized or irregular action of the county court and require the latter tribunal to observe the proper procedure. R. S. 1899, sec. 1674; Drainage and Levee District v. Jamison, 176 Mo. 557; Laws 1903, p. 275. (5) The circuit court did not err in refusing to tax the costs of the proceeding in the county court against respondents. Walton v. Walton, 19 Mo. 667; Neal v. Smith, 22 Mo. 349; Bender v. Zimmerman, 135 Mo. 53; Turner v. Johnson, 95 Mo. 431.

GANTT, J.—This is a proceeding to condemn certain real estate in Carroll county for a public road. The proposed road is on a township line, and it is assumed by counsel on both sides that township organization had been adopted and was in force in Carroll county. This further appears from the fact that the proposed road is on a township line, and under and by virtue of section 10350, Revised Statutes 1899, the petition was presented to a joint meeting of the township boards of both townships. Respondents are the petitioners for the road, and the appellants filed a remonstrance against the road, over one mile of said proposed road being on their lands.

A hearing was had, the petition granted, and a survey ordered. On July 26, 1901, the surveyor's report was filed, and the joint board found that the appellants had failed to relinquish the right-of-way over their lands, and that they and petitioners could not agree with them as to the damages sustained. There-

upon, the joint board appointed Wm. A. Audsley, Noah Huntzinger and J. F. Warnock "whom the joint board finds from the evidence and witnesses produced to be disinterested resident householders," as commissioners to assess the damages. On August 7, 1901, the commissioners' report was filed and approved. They allowed appellants $4.50 damages in the aggregate. This amount was tendered and refused, and the road ordered opened. It is conceded by appellants that all the proceedings before the joint board were regular and in due form, save and except that the commissioners were not bound to be *freeholders* as required by section 21 of article 2 of the Constitution of Missouri, 1875. It should be noted that in the report filed August 7, 1901, the commissioners recite they were householders, but there is no finding by the joint board that they were freeholders, and there is nothing in the record to show that they were *freeholders* when appointed, or on August 5, 1901, when their report shows they estimated the damages.

From the order approving the report the appellants appealed to the county court. At the November term, 1901, of the county court the case was tried *de novo* in the county court. Appellants demanded a jury to assess their damages, which was refused. They then filed a motion to dismiss, because of the invalidity of the proceedings before the board, which was overruled. They next asked to have the damages ascertained by a jury or board of commissioners, who should be freeholders, as required by section 21 of article 2 of the Constitution of this State, which was denied them.

Thereupon the county court proceeded to hear the cause and affirmed the judgment of the joint township board, and reassessed the same damages as found by the commissioners, without the aid of a jury. The appellants then appealed to the circuit court.

"At the April term, 1902, of the Carroll Circuit

Court, appellants duly filed a motion to quash all proceedings herein and to dismiss this cause for the following reasons:

"1. Because the original assessment of damages was made by commissioners found to be 'householders' instead of freeholders as required by the Constitution.

"2. Because in the county court the damages were ascertained by the judges thereof, instead of by a jury or board of commissioners of freeholders, as provided by the Constitution.

"3. Because neither the township board nor the county court had jurisdiction to make any order or judgment condemning appellants' lands or opening said road.

"Upon hearing this motion, the circuit court quashed the proceedings before the county court, but sustained the proceedings before the township board, and remanded the cause to the county court for a new trial by constitutional methods.

"As the proceedings before the county court were held to be illegal, appellants next moved the circuit court to tax against the petitioners all costs accrued in both courts. The motion was sustained as to the costs in the circuit court, but overruled as to the costs accrued in the county court.

"In due time, appellants filed their motion for rehearing, again urging the motion to quash, the invalidity of the proceedings before the township board, and duly complaining of the court's said ruling in the matter of taxing of costs. This motion was overruled.

"From the order and judgment of the circuit court in refusing to quash the entire proceedings and in refusing to tax against respondents the costs of the illegal trial in the county court, appellants have duly prosecuted this appeal. Appellants' exceptions to all rulings of the circuit court were duly preserved.

"By this appeal appellants present the question of whether condemnation proceedings shall be upheld,

even partly, when damages have been assessed in all courts in utter disregard of constitutional and jurisdictional requirements.

"They also ask relief from the alleged erroneous ruling of the circuit court in the taxation of costs."

I.   There can be no question that the constitutional rights of the appellants were disregarded by the joint township board and the county court in taking their lands for a public road without having compensation therefor first ascertained by a jury or board of commissioners of not less than three *freeholders*.

Householders is not synonymous with freeholders. It is true that section 10345, Revised Statutes 1899, provides for a commission of three disinterested persons who shall be householders to assess the damages for the appropriation of the land of any person or persons who fail to relinquish the right-of-way for such road, but in Shively v. Lankford, 174 Mo. 535, it was held this section fell short of the constitutional mandate, but that as section 21 of article 2 of the Constitution was prohibitory and self-executing it must be read into this section 10345, Revised Statutes 1899, and the board could not condemn and appropriate the land of any person for a public highway without appointing a commission or jury who were also freeholders.   In that case the jury were both householders and freeholders and for that reason the condemnation proceedings were upheld.

In this case the record shows that three householders were appointed, and as the tribunal in which the proceeding was begun and prosecuted was and is one of inferior and limited powers, it is clear that it was essential that its record should affirmatively show a compliance with the Constitution.

Counsel for respondents urge that it does appear from the report of the commissioners that they were freeholders.   This is based upon their recital to that

effect. In this way only can it be claimed that they were freeholders. We do not think this is sufficient. We think the board must find they were freeholders as a condition precedent to support the condemnation. [Fore v. Hoke, 48 Mo. App. 254; Jones v. Zink, 65 Mo. App. 412; Spurlock v. Dorman, 182 Mo. 242.]

But in this case, not only was a constitutional jury or commission denied in the township board proceeding, but on appeal, the county court expressly denied a jury of freeholders, and hence this record is radically different from that presented in Shively v. Lankford, 174 Mo. 535, in which a freeholders' jury was awarded both by the township board and the county court. An appeal was taken to the circuit court, and that court took the view which we have just expressed, and quashed the record of the county court in so far as it related to the assessment of damages without the intervention of a jury or board of commissioners who were freeholders of not less than three in number, but remanded the cause to the county court with instructions to appoint a jury or board of commissioners of not less than three freeholders for the assessment of the damages of the appellants, and ordered all the original papers, transcript and record to be returned to the county court. It is of this last action of the circuit court that counsel for appellants complain. They insist that when they raised the constitutional question it was the duty of the circuit court either to sustain it and dismiss the whole proceeding or overrule it. This contention is based upon the language of section 10352, Revised Statutes 1899, which restricts the right of appeal from the county court in these cases "to the circuit court of said county on all questions of law involving the legality of said proceedings," and that "no evidence as to the utility of said proposed road shall be received, but the action of the county court as to the utility shall be final."

Recurring to the appeal allowed from the joint

township board it will be seen that by section 10350, Revised Statutes 1899, it is provided that it shall be in all respects as that provided from a single township board in section 10347, Revised Statutes 1899.

By that section and section 10351 an appeal is granted from the township board's determination. The statute does not, as in the appeal to the circuit court, restrict the hearing to the questions of law involving the legality of the proceedings, but grants an appeal and a trial anew and provides that the cause shall be tried and disposed of at the next succeeding term.

By section 10352, Revised Statutes 1899, it is provided that the county court shall proceed to hear and determine all matters of dispute in said proceedings and shall make a final order as to all matters involved in said proceedings. When the matter in dispute was the amount of compensation and the character of the jury to determine the same, can the county court deny the landowner, under the Constitution, the constitutional commission or jury and try the same itself? We think not. While the township organization statute, in this regard as in many others, is exceedingly crude and unsatisfactory, we think the landowner whose land is to be condemned is entitled to his commission or jury of freeholders to estimate his damages. While it is true the section providing for this appeal does not in words say the landowner shall have such a jury in the county court, "the action or non-action of the legislative department of the government can not defeat a constitutional right, nor place it in abeyance. The right being conceded, it carries with it the appropriate remedy." [Railroad v. Story, 96 Mo. 620.] In our opinion the county court was required by the Constitution to award the appellants a commission or jury of freeholders to assess their compensation for their lands proposed to be taken for the road.

We are reinforced in this view by the further consideration that there is no provision for the bill of ex-

ceptions in a township board. The statute having allowed an appeal on the whole proceedings, it is removed into the county court, and it must hear the whole matter *de novo*. Accordingly, it is obvious that the county court erred when it attempted to dispose of the question of compensation or damages itself without awarding the appellants a jury to assess their damages.

By an act of the Legislature in 1903 (Laws 1903, p. 275) section 10352 was amended by adding a provision that "in all hearings in the county court and in the circuit court damages shall be ascertained by a jury of six disinterested *freeholders.*"

Reverting now to the main contention in this case, that the circuit court should have dismissed the whole proceeding, it must be borne in mind that the proceedings in this case were properly inaugurated. It began in the proper tribunal and upon due notice. In fact, every step required by law down to the appointment of the commission or jury was in strict conformity to the statute. Granting now that the township board did erroneously and illegally deny appellants their constitutional jury, does it logically follow that the whole proceeding must be dismissed when the appellants were allowed an appeal from the township board to correct any wrongs which they suffered there? We are of opinion the circuit court properly refused to dismiss the proceeding and remanded it to the county court, which had been lawfully put in possession of the record, with a direction to award appellants their constitutional commission or jury to assess their damages.

Appellants contend there was and is no such power in the circuit court, but when the terms of section 10352 and section 1674, Revised Statutes 1899, are considered it will be plain that the circuit court is made as to these proceedings a court of errors. On appeal from the county court it has jurisdiction to determine *"all questions of law involving the legality of the said*

*proceedings,"* and is expressly prohibited from hearing any evidence as to the utility of the road. Having express jurisdiction to determine all questions of law, is its duty completed, as in this case, when it clearly found that the appellants had been deprived of their land in violation of the Constitution? Must it annul and set aside the whole proceeding to establish the road for the one error in the appointment of the jury to ascertain appellants' damages, when, by remanding it to the county court, that wrong could be righted and that error corrected? We think not.

By express statute the circuit courts have appellate jurisdiction from the judgments and orders of county courts and "possess a superintending control over them." [Sec. 1674, R. S. 1899.] We grant that if the circuit court had not been restricted prior to the act of 1903 to a correction of the errors of law in these township road cases, it would have been much more logical, and in harmony with our system as to the general road law, for the circuit court to have awarded the jury in that court and finally determined the matter, but the circuit court obviously felt itself hampered by the peculiar restrictive terms of its jurisdiction on appeal, and as it had superintending and appellate jurisdiction over the county court, it corrected the error of constitutional law, and remanded it to the county court in which the question of fact could be determined rather than dismiss a proceeding over which there could be no doubt as to the jurisdiction of the township board in the first instance and the county court in the second, nor as to the regularity of the proceedings with the one exception as to the legality of the jury selected to assess the damages of appellants.

The circuit court wisely, in our opinion, held the proceedings were regular up to that point, and that the corrective hand of the appellate court should not go further back than where the error commenced.

Its ruling is in harmony with the principles of ap-

pellate practice, and was characterized by a common sense view of the situation presented, and its judgment to that extent is affirmed. This conclusion we think is in harmony with the views expressed in Seafield v. Bohne, 169 Mo. 537, and Turlow v. Ross, 144 Mo. 239.

Now as to the disposition of the costs. The circuit court sustained the motion to tax the costs which accrued in the circuit court against the petitioners, but overruled it as to the costs in the county court. It did not adjudge the costs in the county court against the appellants, but left the taxing of the costs in the county court to that tribunal when the case should be concluded therein, and indulged the presumption that the county court would be governed by the statute, and not tax costs against the appellants in violation of the statute, and we think its action was correct in so doing.

Our conclusion is the judgment of the circuit court was right and it is affirmed.

All concur.